UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 05-CR-20043 |
| ) | |
| LANCE OLIVER ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE**

The United States of America, by its attorneys, Jan Paul Miller, United States Attorney for the Central District of Illinois, and Colin S. Bruce, Assistant United States Attorney, respectfully submits its Response to Defendant's Motion to Suppress Evidence. In support of its response, the government states the following:

**INTRODUCTION**

1.   The defendant, Lance Oliver was charged in a three-cout indictment with possession of 50 or more grams of cocaine base ("crack") with the intent to distribute, in violation of 21 U.S.C. §841(a) and (b)(1)(B), possession of a firearm by a felon, in violation of 18 U.S.C. §922(g), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c). (R.9)

2.   The evidence underlying the present charge was obtained during a investigation of Oliver's drug trafficking activities by members of the Kankakee

Metropolitan Enforcement Group ("KAMEG"). During this investigation, a state search warrant was obtained and executed on Oliver's apartment, 204 North Crestline, #305, Kankakee, Illinois. Nearly simultaneous with the execution of the search warrant, the defendant was stopped for a traffic violation. While the traffic offense was being processed, officers located both cocaine base and firearms within Oliver's apartment and Oliver was placed under arrest.

3. Oliver now seeks to suppress the evidence obtained from the search of his apartment and from his arrest.

## FACTS

The Search Warrant and Affidavit

4. On August 8, 2005, at about 3:40 p.m., a state search warrant was issued to search 204 North Crestline, #305, Kankakee, Illinois. The search warrant authorized the seizure of cocaine, firearms, United States Currency, and proof of residency, among other items. (A copy of the search warrant and supporting affidavit are attached as exhibits to Oliver's motion).

5. The search warrant was based upon a two-half page affidavit of KAMEG Agent Zachary Johnston. In his affidavit, Agent Johnson detailed a controlled purchase of cocaine made by a confidential informant within the previous ten days from 204 North Crestline, #305, Kankakee, Illinois. The affidavit does not state that the purchase

was made from Oliver. The affidavit does indicate the confidential informant was cooperating for consideration for pending charges with the Kankakee Police Department.

Oliver's Traffic Stop

6. On August 8, 2005, at approximately 6:25 p.m., KAMEG agents were driving in two cars to 204 North Crestline, #305, Kankakee, Illinois, to execute the search warrant. At the intersection of East Court Street and Interstate-57, KAMEG agents saw Oliver driving a Maroon Ford Expedition. Through their investigation, the agents were aware that 204 North Crestline, #305, was Oliver's apartment.

7. One of the cars, with three KAMEG agents, followed Oliver for several blocks. Oliver then improperly parked his car on the east side of Albert Street, facing south. The Expedition was partially in the north-bound traffic lane and was blocking traffic.

8. As a result of this traffic violation, the agents performed a traffic stop on Oliver in his maroon Expedition.

The Search of Oliver's Apartment and Oliver's Arrest

9. Meanwhile, the other car of KAMEG agents continued to 204 North Crestline, #305, to execute the search warrant. The search of the apartment commenced almost immediately upon arrival at the apartment building and during the time Oliver was involved in the traffic stop.

10. Once in the apartment, which was unoccupied, the agents saw a plastic bag of crack cocaine on a stereo speaker in the bedroom during their initial sweep of the apartment.

11. The agents conducting the search then advised the agents at the traffic stop that crack cocaine was found within Oliver's apartment. Oliver was subsequently placed under arrest.

12. The continued search of Oliver's apartment discovered two loaded semi-automatic handguns, over 50 grams of cocaine base ("crack"), documents and other indicia with Oliver's name and an address of 204 North Crestline, #305, Kankakee, Illinois, two electronic scales, and small plastic bags consistent with cocaine base ("crack") distribution.

Oliver's Statements and Evidence Recovered from Oliver's Person

13. Oliver made no incriminating statements during the traffic stop, nor was any evidence seized from Oliver's Expedition prior to his arrest.[1]

14. After Oliver was arrested, he was transported to the Kankakee County Detention Center. While being transported, prior to intake processing, Oliver was asked if there was anything illegal on his person. Oliver responded that there was some

---

[1] Oliver offers no theory nor cites a single case explaining why the seizure of the evidence from Oliver *after* he was arrested based upon probable cause was improper. Presumably, Oliver does not dispute that once there was probable cause to arrest him, any evidence seized from his person or his car was done so properly as a search incident to his arrest. *United States v. Jackson*, 377 F3.d 715, 717 (7th Cir. 2004) ("it is reasonable for the police to search the body, clothing, and immediate possessions of anyone in custody following an arrest on probable cause").

cocaine in his shoe.  Oliver was then orally advised of his *Miranda* rights.  Oliver advised that he did not wish to make a statement and the questioning by the agents immediately ceased.

15.  Once at the Kankakee County Detention Center, as part of the intake process, Oliver was searched.  In the left front pocket of his pants, $1,629 in cash was found.  In his right sock, a plastic bag with approximately four grams of cocaine base ("crack") was found.

16.  A NexTel Motorola phone was later taken from Oliver's Expedition after Oliver was incarcerated at the Kankakee County Detention Center.

## ANALYSIS

A.  <u>The Affidavit Established Probable Cause</u>

17.  Oliver claims, in cursory fashion, that the affidavit in support of the search warrant fails to establish probable cause because it does not describe the reliability of the informant nor explain in detail the "consideration" the informant received for his cooperation.  Oliver cites no cases in support of his claim.

18.  As the Supreme Court has explained, in order to obtain a search warrant based upon an affidavit, the facts contained within the affidavit must show "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238 (1982).

19.  A reviewing court should uphold a search warrant as long as the affidavit provided the issuing judge with a basis for finding probable cause. *United States v.*

*Newsom,* 402 F.3d 780, 782 (7th Cir.2005); *United States v. Walker,* 237 F.3d 845, 850 (7th Cir.2001). Furthermore, the affidavit supporting a search warrant must be read in "a common-sense manner." *Gates,* 462 U.S. at 238.

20. In the instant case, Agent Johnston's affidavit provided sufficient facts to find probable cause that there was evidence of criminal cocaine trafficking within 204 North Crestline, #305, Kankakee, Illinois.

21. The affidavit, in a direct manner, describes a confidential informant making a controlled purchase from an individual at 204 North Crestline, #305, Kankakee, Illinois. The informant was searched prior to the purchase to ensure he did not possess any contraband. He was under surveillance while he walked to and met with an individual in front of the apartment building. He was observed going up the stairs in the building and then returned approximately three minutes later.

22. When he met with the agents, he provided them with cocaine. The informant told the agents he was taken to apartment #305, where he was given the cocaine in exchange for cash.

23. The affidavit further sets forth that the confidential informant was cooperating for consideration for pending charges with the Kankakee Police Department.

24. Following the Supreme Court's admonition that the affidavit supporting a search warrant must be read in "a common-sense manner," the facts contained in the affidavit established that cocaine trafficking was occurring from 204 North Crestline,

#305. Thus, the affidavit contained facts which showed "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238. In this case, within 204 North Crestline, #305, Kankakee, Illinois.

B.  ALTERNATIVELY, THE "GOOD FAITH" EXCEPTION OF *UNITED STATES V. LEON* APPLIES

25.  Presuming, *arguendo*, that Agent Johnston's affidavit did not provide sufficient probable cause for the state judge to find probable cause, Agent Johnston and the other KAMEG agents relied upon the search warrant in good faith. Therefore, the search should be upheld based upon *United States v. Leon*, 468 U.S. 897 (1984)

26.  In *United States v. Mykytiuk*, 402 F.3d 773 (7th Cir. 2005), the Seventh Circuit noted:

> Even on the assumption that the warrant was bad and the search invalid, however, suppression of evidence is not the inevitable consequence. See [*United States v. Leon*, 468 U.S.897]. A facially valid search warrant issued by a neutral, detached magistrate will be upheld if the police relied on the warrant in good faith. See 468 U.S. at 913, 104 S.Ct. 3405.
>
> An officer's decision to obtain a warrant is *prima facie* evidence that she was acting in good faith. See *United States v. Merritt,* 361 F.3d 1005, 1013 (7th Cir.2004). A defendant can rebut the presumption of good faith only by showing that the issuing judge abandoned his role as a neutral and detached arbiter, that the officers were dishonest or reckless in preparing the supporting affidavit, or that the affidavit was so lacking in probable cause that no officer could have relied on it. See *Leon,* 468 U.S. at 923, 104 S.Ct. 3405; *Peck,* 317 F.3d at 757.

*United States v. Mykytiuk*, 402 F.3d at 777.[2]

---

[2] *See also, United States v. Olson*, 408 F.3d 366, 372 (7th Cir. 2005), "In any event, the warrant would be saved by the good faith exception. 'An officer's decision to obtain a warrant is *prima facie* evidence that he or she was acting in good faith.' A defendant

27. Oliver does not assert that the issuing judge "abandoned his role as a neutral and detached arbiter" nor does Oliver allege that Agent Johnston was "dishonest or reckless in preparing the supporting affidavit."

28. Oliver merely argues that there was insufficient probable cause for the issuance of the search warrant. Oliver also does not assert that the warrant is "so lacking in probable cause that no officer could have relied on it."

29. As set forth above, there was probable cause for the issuance of the search warrant. Furthermore, a cursory examination of the Search Warrant shows that the warrant is not "invalid on its face."

30. Thus, under *United States v. Leon*, Agent Johnston and the other KAMEG agents relied upon the search warrant in good faith and the evidence obtained from the search should not be suppressed.

C. The Traffic Stop and Subsequent Arrest of Oliver

31. Oliver claims that his stop and subsequent arrest were improper because he was not named in the search warrant, nor did the agents have probable cause to arrest or detain him. These claims are without merit

---

may rebut this *prima facie* case by presenting evidence establishing either that: (1) the warrant issuing officer 'wholly abandoned his judicial role' and failed to 'perform his 'neutral and detached' function,' serving 'merely as a rubber stamp for the police'; or (2) the affidavit submitted in support of the warrant was 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable' (citing *United States v. Leon,* 468 U.S. 897 (1984)).

32. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). See also *Delaware v. Prouse*, 440 U.S. 648, 659 (1979); *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977)(per curiam). In the instant case, the agents saw Oliver commit a traffic offense when he parked his car on the wrong side of the street and partially blocked oncoming traffic. Therefore, the agents had probable cause to stop the Oliver in his Expedition.

33. Further, an officer conducting a valid traffic stop can detain the occupants of the car long enough to accomplish the purpose of the stop. *United States v. Childs*, 277 F. 3d 947, 953 (7th Cir. 2002).

34. Shortly after Oliver was stopped, and while the traffic stop was being processed, the agents searching Oliver's apartment found cocaine inside it and told the agents at the traffic stop. Once they were advised of the discovery of the cocaine, the agents at the traffic stop had probable cause to arrest Oliver. *United States v. Parra*, 402 F.3d 752,764 (7th Cir. 2005)( "[t]he police who actually make the arrest need not personally know all the facts that constitute probable cause if they reasonably are acting at the direction of another officer or police agency. In that case, the arrest is proper so long as the knowledge of the officer directing the arrest, or the collective knowledge of the agency he works for, is sufficient to constitute probable cause.")(citations omitted)

35. Therefore, the traffic stop, detention and arrest of Oliver were proper.

Conclusion

WHEREFORE, for the foregoing reasons, the Motion to Suppress should be denied.

Respectfully submitted,

JAN PAUL MILLER
UNITED STATES ATTORNEY

BY:    s/ Colin S. Bruce
COLIN S. BRUCE, Bar No. IL 6200946
Assistant United States Attorney
United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
FAX: 217-373-5891
colin.bruce@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Mr. David C. Thomas
>Attorney at Law
>53 West Jackson Blvd.
>Suite 1362
>Chicago, IL 60604

>s/Colin S. Bruce
>COLIN S. BRUCE, Bar No. IL 6200946
>Assistant United States Attorney
>United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>217/373-5875
>FAX: 217-373-5891
>colin.bruce@usdoj.gov