**E-FILED**
Wednesday, 30 November, 2005  01:20:23 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 05-CR-20043 |
| | ) | |
| LANCE OLIVER, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO DEFENDANT'S MOTION FOR
EVIDENTIARY HEARING REGARDING NATURE OF SEIZED COCAINE**

The United States of America, by its attorneys, Jan Paul Miller, United States

Attorney for the Central District of Illinois, and Colin S. Bruce, Assistant United States

Attorney, respectfully responds to the Defendant's Motion For Evidentiary Hearing

Regarding Nature of Cocaine and states as follows:

Introduction

1.      The defendant, Lance Oliver was charged in a three-count indictment with

possession of 50 or more grams of cocaine base ("crack") with the intent to distribute, in

violation of 21 U.S.C. §841(a) and (b)(1)(B), possession of a firearm by a felon, in

violation of 18 U.S.C. §922(g), and possession of a firearm in furtherance of a drug

trafficking crime, in violation of 18 U.S.C. §924(c). (R.9)

-1-

2.      The evidence underlying the present charge was obtained during an investigation of Oliver's drug trafficking activities by members of the Kankakee Metropolitan Enforcement Group ("KAMEG").  During this investigation, a state search warrant was obtained and executed on Oliver's apartment, 204 North Crestline, #305, Kankakee, Illinois.  Nearly simultaneous with the execution of the search warrant, the defendant was stopped for a traffic violation.  While the traffic offense was being processed, officers located both cocaine base and firearms within Oliver's apartment and Oliver was placed under arrest.

3.      The cocaine base ("crack") was analyzed by an Illinois State Police lab and determined to be 52.9 grams of "cocaine base."  A copy of the laboratory report is attached to this pleading.

4.      In his motion, the defendant, relying upon *United States v. Edwards*, 397 F.3d 570 (7th Cir. 2005), seeks to conduct a pre-trial evidentiary hearing wherein the Court would presumably make a finding as to the United States's cocaine base evidence prior to its introduction at trial.  As set forth below, such a hearing is legally improper and is based upon an incorrect premise.  Therefore, the United States objects to such a hearing being held.

The Role of The Court and Jury in Establishing Drug Types and Quantities

5.      Count One of the Indictment charges the defendant with possession of 50 or more grams of cocaine base ("crack") with the intent to distribute, in violation of 21

U.S.C. §841(a) and (b)(1)(B).  The elements of the offense, which the United States must

prove beyond a reasonable doubt, are:

> -That the defendant possessed over 50 grams of cocaine base ("crack");
> -That the defendant possessed the cocaine base ("crack") with the intent to
> deliver it to another person;
> -That the defendant knew the substance was a controlled substance.

Seventh Circuit Pattern Jury Instructions, p. 379.

See also, *United States v. Banks*, 405 F.3d 559, 569 (7th Cir. 2005); *United States v. Harris*,

325 F.3d 865, 868 (7th Cir. 2003).  (The United States is *not* required to prove that the

defendant knew the specific nature of the substance. See, Seventh Circuit Pattern Jury

Instruction, pp. 378 and 379).

      6.      Since the amount and nature of the controlled substance are one of the

elements of the offense, if the case proceeds to trial and the jury finds the defendant

guilty, the jury's determination that the substance in question is "crack" sets the

*statutory* mandatory minimum and maximum sentence, not a subsequent hearing by the

Court.

> Once the jury has spoken, its verdict controls unless the
> evidence is insufficient or some procedural error occurred; it
> is both unnecessary and inappropriate for the judge to
> reexamine, and resolve in the defendant's favor, a factual
> issue that the jury has resolved in the prosecutor's favor
> beyond a reasonable doubt.
>
> When [*United States v. Young*, 997 F.2d 1204 (7th Cir. 1993)]
> was decided, this court thought that all disputes about drug
> type and quantity, to the extent they affected the sentence,
> were to be resolved by the judge rather than the jury. See
> *United States v. Edwards*, 105 F.3d 1179 (7th Cir.1997),

> affirmed, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998).
> *Apprendi* and its successors, such as *Booker*, establish a new
> allocation of tasks between judge and jury. So although
> *Young's* conclusions about the legal significance of particular
> facts remains sound, its assumption that judges necessarily
> resolve factual disputes about drug quantities has been
> superseded.

*United States v. Rivera*, 411 F.3d 864, 866 (7th Cir. 2005).

7.      The Court, however, can determine additional amounts beyond those found by the jury, amounts of crack over 50 grams in this case, as long as they do not increase the statutory maximum.  This would include amounts found as "relevant conduct" under the Sentencing Guidelines.

8.      In other words, whether the defendant possessed 50 or more grams of cocaine base ("crack") with the intent to distribute requires a finding of fact beyond a reasonable doubt because it increases the statutory maximum sentence that could be imposed. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000).  On the other hand, facts that increase the statutory *minimum* or determine "relevant conduct" amounts are not required to be proven beyond a reasonable doubt and can be determined by the Court under a preponderance-of-the-evidence standard. *Harris v. United States*, 536 U.S. 545, 568 (2002).  Indeed, the Court is authorized to determine the drug amount and quantity under a preponderance-of-the-evidence standard at sentencing, as opposed to the beyond-a-reasonable-doubt standard at a jury trial. *United States v. Knight*, 342 F.3d 697, 713-14 (7th Cir. 2003), *see also United States v. Rodgers*, 245 F.3d 961, 967 (7th Cir. 2001).

9.     The issue of drug types and amounts for which the defendant is liable,

however, is a sentencing issue. Therefore, the issue is not properly before the Court

until the defendant is convicted, whether by a jury determination or a guilty plea. The

defendant's motion, in effect, is requesting an advisory ruling from the Court. Such an

advisory ruling is legally improper.

Evidence Of "Crack"

10.     Also underlying the defendant's motion appears to be the incorrect

premise that because the Illinois State Police forensic laboratory report only indicates

the presence of "cocaine base" in the substance and not "crack," the United States

cannot meet its burden of proof either as to an element of the offense or sentencing.

This faulty premise is based upon the *dicta* in *Edwards* that "all crack is cocaine base but

not all cocaine base is crack." *Edwards* at 571.

11.     "Crack cocaine" is a street term for a substance that can be identified by

law enforcement agents and drug dealers. As *Edwards* makes clear, "cocaine base" is a

scientific description for a particular combination of chemicals. *Edwards*, 387 F.3d. at

574. "Crack cocaine," by contrast, is the "street name" for a specific subset of cocaine

base that is commonly "produced by mixing cocaine hydrochloride with baking soda

and water, boiling the mixture until only a solid substance is left, and allowing it to dry,

resulting in a rocklike substance." *Edwards* at 574 (citing *United States v. Booker*, 70 F.3d

488, 491 (7th Cir. 1995)). *See also* U.S. Sentencing Guidelines Manual § 2D1.1 n. D (2004)

("'Crack' is the street name for a form of cocaine base, usually prepared by processing

cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy,

rocklike form.").[1]  Thus, as both the *Edwards* court and Sentencing Guidelines make

clear, "crack cocaine" is a street term, not a scientific one.[2]

        12.        Because "crack cocaine" is a street term, not a scientific term, a forensic

analysis cannot test for a chemical combination that will result in a scientific finding of

"crack cocaine." A forensic analysis *can* determine whether cocaine is (1) is in the "salt"

form, called cocaine hydrochloride (more commonly known as powder cocaine), or (2)

in the "base" form, called cocaine base, which contains all the same elements as cocaine

hydrochloride except for the hydrochloride. *Edwards*, 397 F.3d at 573-574.  "Crack

cocaine" is cocaine in the "base" form, as opposed to the "salt" form, typically cooked

into a condition yielding an off-white color and rock-like shape.  *Id.* at 573-574.  *See also*

*United States v. Waters*, 313 F.3d 151 (3d Cir. 2002).[3]

---

[1]  It should be noted, however, that sodium bicarbonate is one of many substances
typically used to make crack cocaine.  *See, e.g., United States v. Abdul*, 122 F.3d 477, 479 (7th Cir.
1997) ("[P]roduction [of crack] with sodium bicarbonate is not the exclusive preparation method
recognized for purposes of 2D1.1(c)."); *United States v. Waters*, 313 F.3d 151, 156 (3d Cir. 2002)
(recognizing that other cutting agents besides sodium bicarbonate can be used to create crack
and holding that "the presence of sodium bicarbonate is not necessary in order for the
substance to be considered crack for sentencing purposes.").

[2] The United States  acknowledges the holding of *Edwards*, namely that "all crack is
cocaine base but not all cocaine base is crack."  *Id.* at 571.  However, for the purpose of
preserving the argument for the record, the United States respectfully submits that *Edwards* was
wrongly decided to the extent it concludes that *only* crack constitutes cocaine base for the
purposes of triggering the mandatory sentencing provisions provided under Title 21, United
States Code, Section 841.

[3] Furthermore, since "crack" may be manufactured using many substances, not just
baking soda, analyzing for the presence or absence of baking soda (or its residual components),
would not scientifically resolve the issue. *United States v. Abdul*, 122 F.3d 477, 479 (7th Cir. 1997)
(noting that sodium bicarbonate, or baking soda, need not be present for cocaine base to be

13.  Although a substance purporting to be crack cocaine must be analyzed by a chemist to determine whether it contains the chemical makeup known as "cocaine base," as opposed to "cocaine hydrochloride" (*i.e.* powder cocaine), a law enforcement agent, drug dealer, or drug user can examine a quantity of cocaine base and ascertain whether it is crack. *United States v. Waters*, 313 F.3d 151, 156 (3d Cir. 2002) (noting that "there is no precise chemical definition of crack cocaine.  Rather ... crack generally refers more to the way the drug is prepared and used than the specific chemical composition") *United States v. Linton*, 235 F.3d 328, 330 (7th Cir. 2000) ("the testimony of witnesses familiar with crack, combined with direct evidence that the substance had the appearance of and was packaged like crack, is sufficient to satisfy burden of proof and permit a district court to conclude that a defendant possessed crack"); *United States v. Bradley*, 165 F.3d 594, 596 (7th Cir. 1999) (people who use or transact crack "are the real experts on what is crack" and finding testimony of DEA agent and confidential informant that substance was crack, in combination with lab demonstrating cocaine base, enough to prove substance was "crack"); *United States v. Griffin*, 194 F.3d 808, 829 (7th Cir. 1999) (where chemist testified that substance was cocaine base, law enforcement officer testified that it was crack, and cooperating defendants testified that it was crack and that they were crack dealers, court held that prosecution met its burden of proving that substance was crack); *United States v. Earnest*, 185 F.3d 808 (7th Cir. 1999)

---

crack, for if so, "crack dealers could avoid the penalties for distribution of crack merely by finding some substitute for baking soda in production, or by crushing the rocks so that the final product resembles powder").

(failure of defendant to object to characterization of drugs as crack, testimony at trial by law enforcement agents, confidential informant, and other co-defendants that substance at issue was crack and that they dealt crack, as well as testimony from chemist that the substance was cocaine base in an "off-white, chunky" form, sufficient to show that substance at issue was crack).

14.     Therefore, under the law in the Seventh Circuit, once a substance is determined to have the chemical composition known as "cocaine base," *anyone* familiar with crack cocaine can take the additional step of examining the drug to determine whether it fits the "street name" definition of crack cocaine.[4]

Conclusion

WHEREFORE, for the foregoing reasons, the Defendant's Motion For Evidentiary Hearing Regarding Nature of Cocaine should be denied.

Respectfully submitted,

JAN PAUL MILLER
UNITED STATES ATTORNEY
BY:    s/ Colin S. Bruce
COLIN S. BRUCE, Bar No. IL 6200946
Assistant United States Attorney
United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
FAX: 217-373-5891
colin.bruce@usdoj.gov

---

[4] By analogy, it is common knowledge that water's chemical formula is $H_2O$. If water was seized, whether it be frozen (ice), semi-frozen (snow), liquid (water), or vaporous (steam), a forensic analysis would only detect the presence of $H_2O$ and not its form. An individual familiar with water's different forms, however, could examine the water and determine whether it met the commonly- accepted definition of ice, snow, water or steam.

CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Mr. David C. Thomas
> Attorney at Law
> 53 West Jackson Blvd.
> Suite 1362
> Chicago, IL 60604


> s/Colin S. Bruce
> COLIN S. BRUCE, Bar No. IL 6200946
> Assistant United States Attorney
> United States Attorney
> 201 S. Vine St., Suite 226
> Urbana, IL 61802
> 217/373-5875
> FAX: 217-373-5891
> colin.bruce@usdoj.gov