UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 05-CR-20043 |
| ) | |
| LANCE OLIVER, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO RECONSIDER**

The United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Colin S. Bruce, Assistant United States Attorney, respectfully moves this Court to reconsider its ruling on the defendant's *Motion For Evidentiary Hearing Regarding Nature of Cocaine* and states as follows:

Procedural History

1.      On October 19, 2005, the defendant filed a *Motion For Evidentiary Hearing Regarding Nature of Cocaine.* (R.14) In his motion, the defendant, relying upon *United States v. Edwards*, 397 F.3d 570 (7th Cir. 2005), sought to conduct a pre-trial evidentiary hearing wherein the Court would presumably make a finding as to the United States's cocaine base evidence prior to its introduction at trial.

2.      During a status hearing on November 1, 2005, the Court set a hearing on the defendant's *Motion to Suppress Evidence* (filed on the same day as his *Motion For Evidentiary Hearing Regarding Nature of Cocaine*) for November 30, 2005.  A further status

hearing on the defendant's *Motion For Evidentiary Hearing Regarding Nature of Cocaine* was scheduled to follow the suppression hearing. The purpose of this next status hearing was to determine if the Illinois State Police forensic laboratory results were available, and if so, to set a deadline for the United States's response to the defendant's motion and to schedule any needed hearing.

    3.    On November 30 2005, in an attempt to aid the Court and perform a "good deed," the United States filed its response to the defendant's *Motion For Evidentiary Hearing Regarding Nature of Cocaine* (and attached a copy of the Illinois State Police forensic laboratory report) immediately prior to the suppression hearing, thereby eliminating the need for the Court to inquire as to the status of the forensic laboratory analysis or to set a briefing schedule.

    4.    At the conclusion of the suppression hearing, the Court indicted that it had not read the United States' response to the defendant's *Motion For Evidentiary Hearing Regarding Nature of Cocaine* because the response was untimely, being filed past a response deadline. The Court then granted the defendant's motion and set the matter for an evidentiary hearing on March 15, 2005. The United States indicated it would file a motion to reconsider this ruling.

    5.    On December 27, 2005, the Court directed the United States to file any *Motion to Reconsider* by January 10, 2005, and directed the parties' attention to the Court's ruling on an identical motion in *United States v. Billings*, Case No. 05-20041.

Argument

6.    The United States renews its argument that a pre-trial evidentiary hearing to determine the nature of the substance in question ("crack" versus a different form of cocaine base) is legally improper and that the defendant's motion is based upon an incorrect premise. In support of this argument, the United States hereby incorporates by reference it original response to the defendant's *Motion For Evidentiary Hearing Regarding Nature of Cocaine*.

7.    In further support of its argument, the United States adds that a motion for an identical evidentiary hearing was made by the defendant in *United States v. Billings*, Case No. 05-20041. In denying the motion, the Court stated,

> This court agrees with the government that there is no basis for holding the type of evidentiary hearing Defendant has requested in this case. The court is at a loss as to what kind of ruling it could make even if such a hearing were held. This court could not make a finding that the controlled substance at issue is or is not crack. . . . It is clearly not the role of this court to make factual findings regarding the government's evidence prior to trial.

*Order*, pp. 7-8 (*United States v. Billings*, Case No. 05-20041 (R.20))

Conclusion

WHEREFORE, for the foregoing reasons, United States respectfully moves the Court to reconsider its earlier ruling and deny the defendant's *Motion For Evidentiary Hearing Regarding Nature of Cocaine*.

                                        Respectfully submitted,

                                        RODGER A. HEATON
                                        UNITED STATES ATTORNEY

BY:    s/ Colin S. Bruce
        COLIN S. BRUCE, Bar No. IL 6200946
        Assistant United States Attorney
        United States Attorney
        201 S. Vine St., Suite 226
        Urbana, IL 61802
        217/373-5875
        FAX: 217-373-5891
        colin.bruce@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on January 9, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

          Mr. David C. Thomas
          Attorney at Law
          53 West Jackson Blvd.
          Suite 1362
          Chicago, IL 60604

          s/Colin S. Bruce
          COLIN S. BRUCE, Bar No. IL 6200946
          Assistant United States Attorney
          United States Attorney
          201 S. Vine St., Suite 226
          Urbana, IL 61802
          217/373-5875
          FAX: 217-373-5891
          colin.bruce@usdoj.gov