IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 CR 20043 |
| v. ) | |
| ) | |
| LANCE A. OLIVER, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S MOTION TO RECONSIDER
COURT'S RULING ON DEFENDANT'S MOTION FOR EVIDENTIARY HEARING**

At this point Defendant agrees that it's not necessary to hold an evidentiary hearing in the case at bar because it's not necessary to invent the wheel all over again. The topic of the proposed hearing has recently been the subject of extensive testimony in *United States v. Collins*, 04 CR 709 (N.D. Il), as well as in *Edwards* itself.

What is urgently needed is a workable definition of what "crack cocaine" is. As this Court stated on November 30, 2005: "I'm sick and tired—and put that in the record—of trying to figure out what *Edwards* means…. So, if anything, it might be an educational process for the Court to get a little bit of the chemistry of this…." (Transcript of Hearing on Motion to Suppress Evidence at 54–55).

In *United States v. Booker*, 70 F.3d 488, 494 (7th Cir. 1995), the Seventh Circuit held that because "Congress and the Sentencing Commission intended 'cocaine base' to mean crack cocaine" for purposes of applying the enhanced penalties in 21 U.S.C. §841(b)(1)(A)(iii) and

1

U.S.S.G. §201.1(c), those penalties "apply to crack cocaine, and the lesser penalties apply to all other forms of cocaine." This holding was reiterated in *United States v. Reddrick*, 90 F.3d 1276, 1282 (7th Cir. 1996), and in *Edwards*, 397 F.3d 570, 575 (7th Cir. 2005). However, while *Edwards* states that "[a]ll crack is cocaine base but not all cocaine base is crack," the Seventh Circuit has never defined exactly what crack is, as opposed to other forms of cocaine base.

At Edwards's sentencing hearing before Senior District Judge Shadur, Dr. Michael Evans testified as an expert in the fields of forensic chemistry and toxicology. Dr. Evans testified that crack contains bicarbonate of some type. (See Exhibit A attached hereto at 127)[1]. In fact, it's called crack because when it's smoked "it crackles because of the bicarbonate." (*Id.*) Baking powder, which contains sodium bicarbonate, is generally used because it's readily available. (*Id.* at 132). But the bottom line is crack cannot be made "without putting a bicarbonate in it." (*Id.*) Dr. Evans concluded that the government had not shown that the substance was crack because its analysis "contained no evidence of bicarb," which is "how you create crack." (*Id.* at 140).

Senior District Judge Shadur found that:

> Dr. Evans' testimony (which conformed in all respects to the demands of *Daubert* and *Kumho Tire*) <u>demonstrated persuasively</u> that the substances involved were *not* crack. Unlike Dr. DeFrancesco, Dr. Evans testified to the accepted proposition that while all crack is cocaine base, not all cocaine base is crack (see, e.g. our Court of Appeals' statement in *United States v. Adams*, 125 F.3d 586, 591(7th Cir. 1997) that "cocaine base is a more generic and inclusive term, also applied to other forms of cocaine"). And with that understanding, <u>Dr. Evans testified lucidly and convincingly</u> why his examination, testing and analysis of the portion of the controlled substances that had been delivered to him by the government established that those substances did *not* come within the "crack" portion of the cocaine base spectrum…. This

---

[1] Counsel has a transcript of the testimony at the *Edwards* sentencing, including that of Dr. DeFrancesco, the government's expert. The transcript totals 177 pages, so it's too long to attach *in toto*. However, if the Court wants a copy for the file, counsel would be happy to comply.

> Court therefore finds by a preponderance of the evidence that both controlled substances involved in this case were cocaine base (a determination not contested by either side) but that they were *not* crack.

294 F.Supp.2d 954, 958[2]. (emphasis added).

Even more recently District Judge Matthew Kennelly reached the same conclusion as Judge Shadur regarding what constitutes crack cocaine, and a copy of his opinion in *Collins* is attached as Exhibit B. Judge Kennelly heard the testimony of DEA forensic chemist Heather Miller, the same Dr. Michael Evans who testified in *Edwards*, and DEA agents. Judge Kennelly held that the government had failed to prove by a preponderance of the evidence that the substance in *Collins* was crack because the chemical testing did not show the presence of sodium bicarbonate or any other chemical that could be used to produce crack. (Memorandum Opinion and Order at 9).

In arriving at his holding, Judge Kennelly rejected the notion asserted by the government in the case at bar that "a law enforcement agent, drug dealer, or drug user can examine a quantity of cocaine base and ascertain whether it is crack." (Response to Defendant's Motion for Evidentiary Hearing at 7). Notably, all of the cases cited by the government in support of that proposition were decided before *Edwards*. (*Id.* at 7–8). And, as Judge Kennelly noted, "in *Linton* and similar cases, the defendant presented no countervailing chemical evidence. In this case, evidence was presented from a qualified expert who testified unequivocally that the government's testing did not prove the presence of crack. The testimony of the government

---

[2] Senior District Judge Shadur ultimately concluded, however, that the enhanced penalties applied even if the substance was *not* crack. 294 F.Supp.2d at 960–61. It was this conclusion which resulted in the reversal by the Seventh Circuit.

agents was considerably less than airtight, given the admission that there is variation in the appearance of both crack and powder cocaine." (*Id.* at 10).

## CONCLUSION

As the government concedes, the Illinois State Police lab report, a copy of which is attached as Exhibit C, establishes only that some of the substances seized are "cocaine base." Count One of the Indictment charges Mr. Oliver with possession of 50 grams or more of crack. As *Booker*, *Reddrick*, and *Edwards* each hold, cocaine base does not equate to crack.

Contrary to the government's argument at 6, para. 12, of its Response, there is a forensic analysis to test for crack: does the substance contain bicarbonate? If so, Defendant would concede that it is crack within the meaning of §841(b) and the Guidelines. If not, Defendant would move in limine to preclude the government from arguing that the substance is crack.

It's a simple analysis which should be conducted pursuant to due process, *Brady v. Maryland*, and in the interests of justice. Bother the parties and the Court are entitled to know exactly what the stakes in this case are.

Respectfully submitted,
**s/ David C. Thomas**
Attorney for Lance A. Oliver

Law Offices of David Thomas
53 W. Jackson Blvd., Suite 1362
Chicago, IL  60604
Telephone: (312) 957-0100
Fax: (312) 957-0111
E-mail: dthomas@kentlaw.edu

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

*United States of America*
   Plaintiff(s)

                **CERTIFICATE OF SERVICE**

  v.
                Case No.: *05 CR 20043*

*Lance Oliver*
   Defendant(s)

I hereby certify that on January 24, 2006, I caused the following document:

  Defendant's Reply to Government's Motion to Reconsider Court's Ruling on Defendant's Motion for Evidentiary Hearing

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

  *Colin S. Bruce*


Dated:  January 24, 2006
                **s/ David C. Thomas**
                David C. Thomas
                53 W. Jackson Blvd., Ste. 1362
                Chicago, IL 60604
                (312) 957-0100
                ATTORNEY FOR DEFENDANT