**E-FILED**
Wednesday, 25 January, 2006  03:35:30 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 05-CR-20043** |
| | ) | |
| **LANCE A. OLIVER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

This case is before the court for ruling on the Government's Motion to Reconsider (#18). This court has carefully considered the Government's Motion and Defendant's Response (#20). Following this court' careful consideration, the Government's Motion to Reconsider (#18) is GRANTED and the evidentiary hearing previously set for March 15, 2006, at 10:30 a.m. is hereby VACATED.

## BACKGROUND

On September 8, 2005, Defendant, Lance A. Oliver, was charged by indictment with: (1) knowingly and intentionally possessing at least 50 grams of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A); (2) possession of a firearm after having been previously convicted of a crime punishable for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  The Government has provided Notice (#12) that Defendant was previously convicted of two drug offenses which qualify Defendant for enhanced sentencing pursuant to 21 U.S.C. § 841(b)(1).  Defendant is represented by retained counsel, David C. Thomas, and has been detained pending trial.

On October 19, 2005, Defendant filed a Motion to Suppress Evidence (#13) and a Motion for Evidentiary Hearing Regarding Nature of Alleged Cocaine Seized (#14). A hearing was held on the Motion to Suppress on November 30, 2005. Following the hearing, a briefing schedule was set, and the Motion to Suppress remains pending. On November 30, 2005, prior to the hearing, the Government filed its Response to Defendant's Motion for Evidentiary Hearing (#16). At the hearing, this court granted Defendant's Motion for Evidentiary Hearing and scheduled the evidentiary hearing for March 15, 2006, at 10:30 a.m.

On December 27, 2005, this court entered a text order and noted that the Government had indicated that it would be filing a motion to reconsider this court's ruling. This court stated that, in light of its recent ruling in United States v. Billings, Case No. 05-20041, this court allowed the Government until January 10, 2006, to file its Motion to Reconsider and allowed Defendant until January 24, 2006, to file its Response.

ANALYSIS

On January 9, 2006, the Government filed its Motion to Reconsider (#18). The Government renewed its argument that a pre-trial evidentiary hearing to determine the nature of the substance in question is legally improper. The Government further renewed its argument that Defendant's motion was based upon an incorrect premise. The Government also noted that this court had denied a motion for an identical evidentiary hearing in the Billings case.

On January 24, 2006, Defendant filed his Response to the Government's Motion to Reconsider (#20), and supporting Exhibits (#21). Defendant first stated that he "agrees that it's not necessary to hold an evidentiary hearing in the case at bar." Based upon this concession by Defendant, the Government's Motion to Reconsider (#18) is hereby GRANTED and the evidentiary hearing scheduled for March 15, 2006, at 10:30 a.m. is therefore VACATED. This case remains

2

scheduled for a status conference on March 15, 2006, at 10:30 a.m.

In his Response, Defendant went on to make a lengthy argument regarding the need for forensic analysis to test for crack, forensic analysis which Defendant argues is necessary following the Seventh Circuit's decision in United States v. Edwards, 397 F.3d 570 (7th Cir. 2005). In support of this argument, Defendant filed the following exhibits: a copy of a portion of the transcript of the proceedings held before United States District Judge Milton I. Shadur in the Edwards case; a copy of a Memorandum Opinion and Order entered by United States District Judge Matthew Kennelly on October 11, 2005, in the case of United States v. Collins;[1] and a copy of the laboratory report provided by the Government in this case.

This court does not agree with Defendant's argument. The Seventh Circuit has long held that crack is one of several forms of cocaine base and that the enhanced penalties included in the applicable statutes and guidelines apply only to the crack form of cocaine base. See United States v. Abdul, 122 F.3d 477, 478 (7th Cir. 1997); United States v. Reddrick, 90 F.3d 1276, 1282 (7th Cir. 1996); United States v. Booker, 70 F.3d 488, 494 (7th Cir. 1995). The Seventh Circuit has also long held that "those who smoke, buy, or sell this stuff [crack cocaine] are the real experts on what is crack." United States v. Earnest, 185 F.3d 808, 812 (7th Cir. 1999), quoting United States v. Bradley, 165 F.3d 594, 596 (7th Cir. 1999); see also United States v. Linton, 235 F.3d 328, 330 (7th Cir. 2000) ("testimony of witnesses familiar with crack, combined with direct evidence that the substance had the appearance of and was packaged like crack, is sufficient to satisfy the government's burden of proof and permit a district court to conclude that a defendant possessed crack").

---

[1] Case No. 04-CR-709 in the Northern District of Illinois, Eastern Division.

This court concludes that the Seventh Circuit's decision in Edwards did not change any of this well established law.  In Edwards, the defendant pleaded guilty to two counts of possession with intent to distribute more than 50 grams of a substance containing cocaine base, while reserving his right to contest the nature of the substances involved.  Edwards, 397 F.3d at 572.  Judge Shadur deferred accepting Edwards' guilty pleas until after a subsequent hearing was held regarding the nature of the substances.[2]  After hearing expert testimony, Judge Shadur concluded that the substances in Edwards' possession were a noncrack form of cocaine base.  Edwards, 397 F.3d at 573.  Judge Shadur then concluded that the statutory mandatory minimum applied to all forms of cocaine base, not just crack, and imposed two concurrent ten-year terms of imprisonment.  Edwards, 397 F.3d at 573.

On appeal, the Seventh Circuit reaffirmed its earlier ruling in Booker that "for purposes of the enhanced penalties in the Guidelines and the statutes 'cocaine base' means 'crack cocaine.'" Edwards, 397 F.3d at 572 (emphasis in original).  Therefore, because Judge Shadur made a factual finding that Edwards possessed noncrack forms of cocaine base, the Seventh Circuit concluded that the sentences imposed based upon mandatory minimum set out in the statute for "cocaine base" had to be reversed.  Edwards, 397 F.3d at 577.  The Seventh Circuit therefore reversed and remanded the case for resentencing.  Edwards, 397 F.3d at 577.

Following this court's careful review of the Edwards decision, this court finds no support for Defendant's argument that the Government cannot prove the substance at issue in this case is crack cocaine without forensic analysis.[3]  The decision in Edwards does not call into question the

_____

[2] This court notes that it has consistently declined to accept this type of a guilty plea.

[3] This court additionally notes that it is not persuaded that Judge Kennelly's decision in Collins, which involved a guilty plea similar to the plea in Edwards, supports this argument.

long line of decisions which hold that evidence from witnesses familiar with crack is sufficient.  In fact, in United States v. Cannon, 429 F.3d 1158 (7th Cir. 2005), the Seventh Circuit rejected an argument based upon Edwards.  In Cannon, the defendant stipulated at trial that the substance at issue was "cocaine base (crack)."  Cannon, 429 F.3d at 1160.  The Seventh Circuit noted that Cannon's appellate lawyer argued that "Cannon and trial counsel may not have appreciated that there are varieties of cocaine base other than crack."  Cannon, 429 F.3d at 1160.  However, the Seventh Circuit concluded that "Cannon surely knew whether his own inventory was 'crack.'"  Cannon, 429 F.3d at 1160.  This court therefore concludes, based upon case law from the Seventh Circuit, that a defendant may plead guilty to possessing crack cocaine, may stipulate that the substance is crack cocaine at trial, or may be found guilty by a jury of possessing crack cocaine, all without the need for forensic analysis to test for crack.

IT IS THEREFORE ORDERED THAT:

(1) The Government's Motion to Reconsider (#18) is GRANTED.  Accordingly, this court hereby vacates its previous order which granted Defendant's Motion for Evidentiary Hearing (#14). Defendant's Motion for Evidentiary Hearing (#14) is DENIED.  The evidentiary hearing scheduled for March 15, 2006, is VACATED.

(2) This case remains scheduled for a status conference on March 15, 2006, at 10:30 a.m. A ruling will be made on the pending Motion to Suppress Evidence following the completion of briefing by the parties.

ENTERED this 25th day of January, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE