IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 05 CR 20043 |
| v. | ) |
| | ) |
| LANCE A. OLIVER, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM
IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**

I.  **There Was No Probable Cause To Issue The Search Warrant And No Probable Cause to Arrest Defendant**

Zachary Johnston, who prepared the complaint for the search warrant in the case at bar, admitted on cross-examination that the complaint does not specify a date on which the controlled purchase was made, nor does it state who supposedly made it. (Transcript of Hearing on Motion to Suppress Evidence dated November 30, 2005, at 25).

No facts are given to establish that the informant was reliable. (*Id*. at 27). This is important because Johnston was not able to view where the informant went in the multi-unit apartment building located at 204 N. Crestlane Drive. (*Id*. at 28). Johnston conceded he had "no idea where the CI went" inside the building. (*Id*.) Thus, there was only the CI's word that a sale had taken place in apartment 305.

The lack of any evidence of the reliability of the CI is also significant because Johnston conceded that the "black male" who met the CI in front of the building was not Lance Oliver.

1

(*Id.*) Moreover, as it turns out, this was the <u>first time</u> that the CI had acted as an informant. (*Id.* at 27.) However the judge was not informed of this crucial fact. (*Id.*)

Nor was the judge informed of the nature of the agreement between the CI and the Kankakee Police Department. (*Id.* at 30). Although the judge was told in very vague terms that the CI was "working off" pending charges, the judge was never informed of how many charges were pending, or the nature of those charges. (*Id.* at 29).

Therefore, this is a classic "bare bones" complaint which fails to establish probable cause to search apartment 305 at 204 N. Crestlane Drive in Kankakee under *Illinois v. Gates*, 462 U.S. 213 (1982). The judge was simply not given sufficient information to make a reliable determination of probable cause. The government does not dispute the fact that the contraband it seeks to introduce, both drugs and guns, are "fruits" of the execution of the invalid warrant. (Transcript at 58).

## II.   **Defendant Was Seized Without Probable Cause**

Johnston candidly admitted that he seized Mr. Oliver before the warrant was executed because "[i]t's easier to do it that way than try to find him at a later date." (Transcript at 32). Johnston followed the instructions from Mallindine, who was the agent in charge, "to relocate the vehicle and make a traffic stop." (*Id.* at 31). Johnston never even started to write a parking ticket. (*Id.* at 33).

Mallindine confirmed Johnston's account. On direct Mallindine testified:

> Q. Okay. What happened to change that?
>
> A. We saw the vehicle that the, the target was in leaving the residence; so we chose to stop that vehicle.
>
> Q. Okay. Who's the target?

> A. That would have been Lance Oliver

(*Id*. at 39).

On cross Mallindine reiterated that, as soon as he saw Oliver, he decided to stop him. (*Id*. at 43). He decided to do so even though neither the complaint nor the search warrant ever mentioned Oliver, and there was no arrest warrant for Oliver. (*Id*. at 42–43). All this took place before Mallindine and the other agents even arrived at the building where the search warrant was executed. (*Id*. at 44).

Mr. Oliver was seized at the time he was simply because it suited the convenience of the agents: it was "easier to do it that way." But the fact that it was easier does not make it lawful.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion should be granted. Defendant would request 7 days, until February 27, to file his Reply to the Government's Response to this Memorandum.

Respectfully submitted,
**s/ David C. Thomas**
Attorney for Lance A. Oliver

Law Offices of David Thomas
53 W. Jackson Blvd., Suite 1362
Chicago, IL 60604
Telephone: (312) 957-0100
Fax: (312) 957-0111
E-mail: dthomas@kentlaw.edu

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

*United States of America*
       Plaintiff(s)

    v.

*Lance Oliver*
       Defendant(s)

**CERTIFICATE OF SERVICE**

Case No.: *05 CR 20043*

I hereby certify that on January 26, 2006, I caused the following document:

    Defendant's Memorandum in Support of Motion to Suppress Evidence

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

    *Colin S. Bruce*

Dated:  January 26, 2006

**s/ David C. Thomas**
David C. Thomas
53 W. Jackson Blvd., Ste. 1362
Chicago, IL 60604
(312) 957-0100
ATTORNEY FOR DEFENDANT