UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 05-CR-20043 |
| LANCE OLIVER ) | |
| Defendant. ) | |

**MEMORANDUM AND ARGUMENT IN**
**RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

The United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Colin S. Bruce, Assistant United States Attorney, respectfully submits its Memorandum and Argument in Response to Defendant's Motion to Suppress Evidence. In support of its response, the government states the following:

INTRODUCTION

1. The defendant seeks to suppress evidence obtained during the execution of a state search warrant on Oliver's apartment, 204 North Crestline, #305, Kankakee, Illinois. The defendant further seeks to suppress evidence obtained from a traffic stop of the defendant which occurred nearly simultaneously with the execution of the search warrant.

2. The defendant's argument in support of his motion to suppress focuses on only two issues: (1) whether the affidavit in support of the search warrant established sufficient probable; and (2) whether the defendant was "seized" during the traffic stop without probable cause.

## THE SEARCH WARRANT AND AFFIDAVIT

3. On August 8, 2005, at about 3:40 p.m., a state search warrant was issued to search 204 North Crestline, #305, Kankakee, Illinois. The search warrant authorized the seizure of cocaine, firearms, United States Currency, and proof of residency, among other items. (Govt. Ex. 1 & 2;Supp.Tr.7-13)

4. The search warrant was based upon a two and a half page affidavit of KAMEG Agent Zachary Johnston. In his affidavit, Agent Johnston detailed a controlled purchase of cocaine made by a confidential informant within the previous ten days from 204 North Crestline, #305, Kankakee, Illinois. The affidavit does *not* state that the purchase was made from Oliver. The affidavit does indicate the confidential informant was cooperating for consideration for pending charges with the Kankakee Police Department. (Supp.Tr.25-30)

5. As the Supreme Court has explained, in order to obtain a search warrant based upon an affidavit, the facts contained within the affidavit must show "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238 (1982). Furthermore, a reviewing court should uphold a search warrant as long as the affidavit provided the issuing judge with a basis for

finding probable cause. *United States v. Newsom,* 402 F.3d 780, 782 (7th Cir. 2005); *United States v. Walker,* 237 F.3d 845, 850 (7th Cir .2001).

6. When evaluating the affidavit supporting a search warrant, this Court should read the affidavit in "a common-sense manner." *Gates,* 462 U.S. at 238.

7. In this case, Agent Johnston's affidavit provided sufficient facts to find probable cause that there was evidence of criminal cocaine trafficking within 204 North Crestline, #305, Kankakee, Illinois. The affidavit, in a direct manner, describes a confidential informant making a controlled purchase from an individual at 204 North Crestline, #305, Kankakee, Illinois. The informant was searched prior to the purchase to ensure he did not possess any contraband. He was under surveillance while he walked to and met with an individual in front of the apartment building. He was observed going up the stairs in the building and then returned approximately three minutes later. When he met with the agents, he provided them with cocaine. The informant told the agents he was taken to apartment #305, where he was given the cocaine in exchange for cash. The affidavit further sets forth that the confidential informant was cooperating for consideration for pending charges with the Kankakee Police Department.

8. In his memorandum, the defendant baldly argues that the affidavit was insufficient to establish probable cause because the confidential informant was not identified, his reliability was not discussed, nor was he under constant surveillance

while moving about inside a brick building.  Unsurprisingly, the defendant offers no cases in support of these unique requirements he would attach to a proper affidavit.

9.  This Court should decline to attach new requirements to an affidavit made in support of a search warrant creating the necessary probable cause.  Instead, following the Supreme Court's admonition that the affidavit supporting a search warrant must be read in "a common-sense manner," this Court should find that the facts contained in the affidavit established that cocaine trafficking was occurring from 204 North Crestline, #305.  Thus, the affidavit contained facts which showed "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238.  In this case, it was within 204 North Crestline, #305, Kankakee, Illinois.  The search warrant was properly issued.

10.  Alternatively, the agents relied upon the search warrant in good faith, an issue the defendant never discusses.  Therefore, this Court may also deny the defendant's motion to suppress based upon *United States v. Leon*, 468 U.S. 897 (1984).

11.  In *United States v. Mykytiuk*, 402 F.3d 773 (7th Cir. 2005), the Seventh Circuit noted:

> Even on the assumption that the warrant was bad and the search invalid, however, suppression of evidence is not the inevitable consequence.  See [*United States v. Leon*, 468 U.S.897].  A facially valid search warrant issued by a neutral, detached magistrate will be upheld if the police relied on the warrant in good faith. See 468 U.S. at 913, 104 S.Ct. 3405.
>
> An officer's decision to obtain a warrant is *prima facie* evidence that she was acting in good faith. See *United States*

>  *v. Merritt,* 361 F.3d 1005, 1013 (7th Cir.2004). A defendant can rebut the presumption of good faith only by showing that the issuing judge abandoned his role as a neutral and detached arbiter, that the officers were dishonest or reckless in preparing the supporting affidavit, or that the affidavit was so lacking in probable cause that no officer could have relied on it. See *Leon,* 468 U.S. at 923, 104 S.Ct. 3405; *Peck,* 317 F.3d at 757.

*United States v. Mykytiuk*, 402 F.3d at 777.[1]

12. The defendant does not argue that the issuing judge "abandoned his role as a neutral and detached arbiter" nor does the defendant argue that Agent Johnston was "dishonest or reckless in preparing the supporting affidavit." Nor could he so argue.

13. The evidence adduced at the hearing shows that the search warrant and affidavit were properly prepared by Agent Johnston, reviewed by a Kankakee County Assistant State's Attorney and then issued by Judge Kathy Bradshaw-Elliot after proper judicial scrutiny. (Supp.Tr.7-13,25)

14. The defendant also does not assert that the warrant is "so lacking in probable cause that no officer could have relied on it." Furthermore, a cursory examination of the search warrant shows that the warrant is not "invalid on its face."

---

[1] *See also*, *United States v. Olson*, 408 F.3d 366, 372 (7th Cir. 2005), "In any event, the warrant would be saved by the good faith exception. 'An officer's decision to obtain a warrant is *prima facie* evidence that he or she was acting in good faith.' A defendant may rebut this *prima facie* case by presenting evidence establishing either that: (1) the warrant issuing officer 'wholly abandoned his judicial role' and failed to 'perform his 'neutral and detached' function,' serving 'merely as a rubber stamp for the police'; or (2) the affidavit submitted in support of the warrant was 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable' (citing *United States v. Leon,* 468 U.S. 897 (1984)).

15. Thus, under *United States v. Leon*, Agent Johnston and the other KAMEG agents relied upon the search warrant in good faith and the evidence obtained from the search should not be suppressed.

## THE TRAFFIC STOP AND SUBSEQUENT ARREST OF THE DEFENDANT

16. The defendant also argues that his traffic stop and subsequent arrest were improper because he was not named in the search warrant, nor did the agents have probable cause to arrest or detain him.[2] These claims are without merit because they ignore the evidence of the defendant's traffic violation, the Supreme Court's holding in *Whren v. United States*, 517 U.S. 806, 810 (1996), and the finding of cocaine base ("crack") in the defendant's apartment during the traffic stop.

17. According to the testimony during the suppression hearing, Agent Johnston observed - had probable cause to believe - the defendant committed a traffic violation by parking his car in the oncoming traffic lane, partially blocking the street. (Supp.Tr.16-19).

18. Although prior to observing the traffic violation Agent Johnston may have had the *subjective intent* to stop the defendant, this is irrelevant. *Whren v. United States*, 517 U.S. at 813 ("[Prior cases] foreclose any argument that the constitutional

---

[2] The defendant offers no theory nor cites a single case explaining why the seizure of the evidence from the defendant *after* he was arrested based upon probable cause was improper. Presumably, the defendant does not dispute that once there was probable cause to arrest him, any evidence seized from his person or his car was done so properly as a search incident to his arrest. *United States v. Jackson*, 377 F3.d 715, 717 (7th Cir. 2004) ("it is reasonable for the police to search the body, clothing, and immediate possessions of anyone in custody following an arrest on probable cause").

reasonableness of traffic stops depends on the actual motivations of the individual officers involved."). See also, *United States v. Moore,* 375 F.3d 580, 583 n. 1 (7th Cir. 2004); *United States v. Robinson,* 314 F.3d 905, 907 (7th Cir. 2003); *Valance v. Wisel,* 110 F.3d 1269, 1275 (7th Cir. 1997).

19. Indeed, as the Supreme Court has noted "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). See also *Delaware v. Prouse*, 440 U.S. 648, 659 (1979); *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977)(per curiam).

20. In the instant case, the agents saw the defendant commit a traffic offense when he parked his car on the wrong side of the street and partially blocked oncoming traffic. Therefore, the agents had probable cause to stop the defendant in his Expedition.

21. Shortly after the defendant was stopped, and while the traffic stop was being processed, the agents searching the defendant's apartment found cocaine inside it and told the agents at the traffic stop. (Supp.Tr.19-20,32,42)

22. Once they were advised of the discovery of the cocaine, the agents at the traffic stop had probable cause to arrest the defendant. *United States v. Parra*, 402 F.3d 752,764 (7th Cir. 2005)( "[t]he police who actually make the arrest need not personally know all the facts that constitute probable cause if they reasonably are acting at the direction of another officer or police agency. In that case, the arrest is proper so long as

the knowledge of the officer directing the arrest, or the collective knowledge of the agency he works for, is sufficient to constitute probable cause.")(citations omitted)

Therefore, the traffic stop, detention and arrest of the defendant were proper.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Motion to Suppress should be denied.

        Respectfully submitted,

        RODGER A. HEATON
        UNITED STATES ATTORNEY

BY:    s/ Colin S. Bruce
        COLIN S. BRUCE, Bar No. IL 6200946
        Assistant United States Attorney
        United States Attorney
        201 S. Vine St., Suite 226
        Urbana, IL 61802
        217/373-5875
        FAX: 217-373-5891
        colin.bruce@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on February 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Mr. David C. Thomas
      Attorney at Law
      53 West Jackson Blvd.
      Suite 1362
      Chicago, IL 60604

      s/Colin S. Bruce
      COLIN S. BRUCE, Bar No. IL 6200946
      Assistant United States Attorney
      United States Attorney
      201 S. Vine St., Suite 226
      Urbana, IL 61802
      217/373-5875
      FAX: 217-373-5891
      colin.bruce@usdoj.gov