**E-FILED**
Thursday, 02 March, 2006  05:03:45 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 05-CR-20043** |
| | ) | |
| **LANCE OLIVER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

This case is before the court for ruling on Defendant's Motion to Suppress Evidence (#13).

Following this court's careful consideration of the arguments of the parties and the transcript of the

evidentiary hearing held in this case, Defendant's Motion (#13) is DENIED.

## BACKGROUND

On September 8, 2005, Defendant, Lance A. Oliver, was charged by indictment with: (1)

knowingly and intentionally possessing at least 50 grams of a mixture and substance containing

cocaine base ("crack"), a Schedule II controlled substance, with the intent to distribute it, in

violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A); (2) possession of a firearm after having been

previously convicted of a crime punishable for a term exceeding one year, in violation of 18 U.S.C.

§ 922(g)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation

of 18 U.S.C. § 924(c). The Government has provided Notice (#12) that Defendant was previously

convicted of two drug offenses which qualify Defendant for enhanced sentencing pursuant to 21

U.S.C. § 841(b)(1). Defendant is represented by retained counsel, David C. Thomas, and has been

detained pending trial.

On October 19, 2005, Defendant filed a Motion to Suppress Evidence (#13). Defendant

argued that he was arrested without warrant or probable cause. Defendant also argued that the

Complaint for Search Warrant, which resulted in the issuance of a search warrant authorizing the search of apartment # 305, 204 N. Crestlane Drive, Kankakee, Illinois, failed to establish probable cause for the search of the apartment.  On November 4, 2005, the Government filed a Response to Defendant's Motion to Suppress Evidence (#15).  The Government argued that, based upon the facts of this case, Defendant's Motion to Suppress should be denied.

FACTS

An evidentiary hearing was held in this case on November 30, 2005.  At the hearing, Zachary Johnston testified that he is a police officer with the Kankakee County Police Department.  He is currently assigned as a special agent with the Kankakee Area Metropolitan Enforcement Group (KAMEG). Johnston testified that, on August 8, 2005, he applied for a search warrant for 204 North Crestlane, apartment #305, in Kankakee, Illinois.  Johnston prepared the complaint for the search warrant, had it reviewed by an assistant state's attorney, and presented it to Judge Kathy Bradshaw-Elliott.  Johnston testified that Judge Bradshaw-Elliott thoroughly reviewed the complaint and then signed the search warrant.  The complaint for search warrant and the search warrant were admitted into evidence with no objection by Defendant.

Johnston testified that the search warrant was executed on August 11, 2005.  At approximately 6:25 p.m., seven KAMEG agents were en route to the apartment in two vehicles. Johnston testified that, based upon their investigation, the KAMEG agents knew that Defendant resided at apartment #305 at 204 North Crestlane.  Johnston testified that, as the agents neared the apartment building, he saw Defendant driving a maroon Expedition.  Johnston notified Agent Kenneth Mallandine, who was in the vehicle behind his vehicle and was the agent in charge that day. Agent Mallandine advised him to try to relocate Defendant's vehicle and possibly make a traffic stop.

2

Johnston testified that, after traveling several blocks, he was able to locate Defendant's vehicle and observed Defendant park on the east side of the street facing southbound in a northbound lane in front of a residence. Johnston testified that Defendant's vehicle was about two feet off the curb, partially in the northbound traffic lane. Johnston stated that this was a traffic violation, so he conducted a traffic stop. Johnston stated that he was in radio communication with the other officers. He testified that, at the time he effected the traffic stop, the other officers were entering the apartment to execute the search warrant.

Johnston testified that, during the traffic stop, Officer Mallandine called him and advised him they had found crack cocaine in the apartment. At that time, Johnston asked Defendant to exit his vehicle and he was placed under arrest. Johnston testified that about three or four minutes had elapsed between the time he first got out of his car to approach Defendant's vehicle and the time he received word from Officer Mallandine and arrested Defendant. After Defendant was arrested, he was taken to the Kankakee Detention Center and searched. A plastic bag containing suspected crack cocaine was found in Defendant's right sock.

Kenneth Mallandine also testified at the hearing. Mallandine testified that he is a policeman with the Kankakee City Police Department and is assigned to KAMEG. Mallandine testified that he took part in the execution of the search warrant on August 11, 2005. Mallandine testified that, after the KAMEG agents arrived at the apartment complex, it took no longer than a minute for the officers to enter the apartment. Mallandine testified that, after entering the apartment, he saw crack cocaine in a plastic baggy sitting on top of a stereo speaker in the bedroom. Mallandine testified that the plastic baggy was located on the speaker with some mail and some other items with Defendant's name on them. Mallandine testified that he contacted Johnston on the radio and told him to go ahead and place Defendant in custody based upon the items found inside the apartment.

Following the hearing, Defendant asked that he be allowed to order a transcript of the proceedings and make his argument on the motion in writing.  This court then allowed Defendant until January 30, 2006, to file written argument.  This court allowed the Government until February 20, 2006, to respond.  On January 26, 2006, Defendant filed his Memorandum in Support of Motion to Suppress Evidence (#25).  In the Conclusion section of the Memorandum, Defendant stated that he requested until February 27, 2006, to file a Reply to the Government's Response.  On February 14, 2006, the Government filed its Memorandum and Argument in Response to Defendant's Motion to Suppress Evidence (#26).  Defendant has not filed a Reply.  However, this court concludes that the issues in this case have been well argued and that the Motion is ready for ruling.

ANALYSIS

In his Memorandum, Defendant first argues that there was no probable cause to issue the search warrant.  Defendant argues that the complaint for search warrant in this case was deficient because: (1) it did not specify a date on which the controlled purchase was made; (2) did not include any facts to establish that the confidential informant was reliable; and (3) did not inform the judge of the nature of the agreement between the confidential informant and the Kankakee Police Department.  Defendant argued that this is a classic "bare bones" complaint that failed to establish probable cause to search the apartment under Illinois v. Gates, 462 U.S. 213 (1982).

In its Response, the Government noted that, in his two and one-half page affidavit, Johnston provided the details of a controlled purchase of cocaine within the previous ten days made by a confidential informant from 204 North Crestlane, apartment #305.  The affidavit also stated that the confidential informant was cooperating for consideration for pending charges with the Kankakee Police Department.  The Government further noted that, under Illinois v. Gates, 462 U.S. 213, 238

(1982), in order to obtain a search warrant based upon an affidavit, the facts contained within that affidavit must show "a fair probability that contraband or evidence of a crime will be found in a particular place."  In addition, a reviewing court should uphold a search warrant as long as the affidavit provided the issuing judge with a substantial basis for determining the existence of probable cause.  United States v. Walker, 237 F.3d 845, 850 (7th Cir. 2001) see also United States v. Newsom, 402 F.3d 780, 782 (7th Cir. 2005).  Moreover, the issuing judge's "determination of probable cause 'is to be given considerable weight and should be overruled only when the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege specific facts and circumstances from which the [issuing judge] could reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated.'" Newsom, 402 F.3d at 782, quoting United States v. Spry, 190 F.3d 829, 835 (7th Cir. 1999); see also Gates, 462 U.S. at 238.

The Government argued that, based upon the applicable case law, Johnston's affidavit provided sufficient facts for the issuing judge to find probable cause that there was evidence of criminal cocaine trafficking within 204 North Crestlane, apartment #305, in Kankakee, Illinois. The Government also noted that Defendant did not provide any case law support for the "unique requirements" he would attach to a proper affidavit.

This court has carefully reviewed the affidavit signed by Johnston and finds that the affidavit, when read in a "realistic and common sense manner," was sufficient for the issuing judge to determine that probable cause existed for issuing the warrant.  Accordingly, this court agrees with the Government that the search warrant was properly issued in this case.

This court further agrees with the Government that, even if this court accepted Defendant's

argument that affidavit was insufficient to support the issuance of the search warrant, Defendant's

motion would still be properly denied based upon United States v. Leon, 468 U.S. 897 (1984)

because the agents relied upon the search warrant in good faith.  The Seventh Circuit has recently

stated that a "facially valid search warrant issued by a neutral, detached magistrate will be upheld

if the police relied on the warrant in good faith." United States v. Mykytiuk, 402 F.3d 773, 777 (7th

Cir. 2005). "A defendant can rebut the presumption of good faith only by showing that the issuing

judge abandoned his role as a neutral and detached arbiter, that the officers were dishonest or

reckless in preparing the supporting affidavit, or that the affidavit was so lacking in probable cause

that no officer could have relied on it."  Mykytiuk, 402 F.3d at 777.  This court agrees with the

Government that Defendant has not argued that the search warrant was not facially valid or that any

of the bases for rebutting the presumption of good faith are present in this case.  This court further

agrees that any such argument would not be supported by the record.  This court notes that both

Johnston and Mallandine provided credible testimony at the hearing.  Accordingly, the evidence

presented strongly supports a finding that Judge Bradshaw-Elliott was a neutral and detached arbiter

who carefully reviewed Johnston's affidavit before signing the search warrant, that Johnston was

not dishonest or reckless in preparing the affidavit, and that the affidavit was not so lacking in

probable cause that no officer could have relied on it.

Defendant's second argument is that he was seized without probable cause. Defendant notes

that, at the hearing, Johnston candidly admitted that he seized Defendant before the warrant was

executed because "[i]t's easier to do it that way than try to find him at a later date."  Defendant also

notes that Mallandine testified that they chose to stop Defendant and decided to stop him as soon

as they saw Defendant.  Defendant argues that Johnston and Mallandine made the decision to stop

him, "even though neither the complaint nor the search warrant ever mentioned [Defendant], and there was no arrest warrant for [Defendant]."

In its Response, the Government argues that these claims are without merit because they ignore the evidence of Defendant's traffic violation, the Supreme Court's holding in <u>Whren v. United States</u>, 517 U.S. 806, 810 (1996), and the finding of crack cocaine in Defendant's apartment during the traffic stop. This court agrees.

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." <u>Whren</u>, 517 U.S. at 810. In this case, Johnston provided credible, unrebutted evidence that he observed Defendant commit a traffic violation prior to effecting the traffic stop. Further, the Supreme Court in <u>Whren</u> held that its prior case law "foreclose[d] any argument that the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved" and stated clearly that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." <u>Whren</u>, 517 U.S. at 813. Accordingly, although Johnston (and Mallandine) may have had the subjective intent to stop Defendant prior to the commission of the traffic violation, this is irrelevant based upon <u>Whren</u>. Further, both Johnston and Mallandine presented credible testimony that, shortly after Defendant was stopped, and while the traffic stop was being processed, the agents searching Defendant's apartment found cocaine in the apartment and notified the agents conducting the traffic stop. Once they were advised of the discovery of the cocaine, the agents conducting the traffic stop had probable cause to arrest Defendant. <u>See</u> <u>United States v. Parra</u>, 402 F.3d 752, 764-65 (7th Cir. 2005).

For all of the reasons stated, this court concludes that the apartment was properly searched

based upon the search warrant and Defendant was properly stopped and arrested.  Accordingly,

Defendant's Motion to Suppress Evidence (#13) must be denied.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Suppress Evidence (#13) is DENIED.

(2) This case remains scheduled for a status conference on March 15, 2006, at 10:30 a.m.

ENTERED this 2nd day of March, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE