UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 05-CR-20043 |
| ) | |
| LANCE OLIVER ) | |
| ) | |
| Defendant. ) | |

JUL 2 4 2006

**FILED**

JUL 2 4 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

WAIVER OF JURY TRIAL AND
STIPULATIONS FOR BENCH TRIAL

Now comes the United States of America by its attorneys, Rodger A. Heaton, United States Attorney, Central District of Illinois, and Colin S. Bruce, Assistant United States Attorney, and the defendant, Lance Oliver, personally and by his attorney, David C. Thomas, and hereby provides the following Waiver of Jury Trial and Stipulations for Bench Trial:

Introduction

1. The defendant, Lance Oliver is charged in a three-count indictment with possession of 50 or more grams of cocaine base ("crack") with the intent to distribute, in violation of 21 U.S.C. §841(a) and (b)(1)(B), (Count One), possession of a firearm by a felon, in violation of 18 U.S.C. §922(g), (Count Two), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c), (Count Three).

2. As stated in open court, it is the intent of the parties that the defendant desires to waive his right to a trial by jury and proceed to a bench trial on a single issue,

whether the cocaine base possessed by the defendant was in the form of "crack," or some other form of cocaine base.

### Waiver of Jury Trial

3. Pursuant to Fed.R.Crim.P. 23, with the consent of the United States and the approval of the Court, the defendant hereby waives his right to a trial by jury on the indictment in this cause.

### Stipulations

FACTS:

4. The parties stipulate and agree that if this matter proceeded to trial, a portion of the evidence would be the following:

> On August 7, 2005, a state search warrant was executed on the defendant Lance Oliver's residence, 204 Crestlane Road, Apartment #305, Kankakee, Illinois. When the execution of the search warrant commenced, the agents knocked and announced their presence and purpose. After waiting a reasonable amount of time, the agents forcefully entered the apartment and found no one inside.
> Shortly after entering the defendant's apartment, the agents found a plastic bag containing cocaine base on a stereo speaker in the bedroom. Another plastic bag of cocaine base was found inside a white Nike tennis shoe, located on the top shelf of the bedroom closet. (A subsequent forensic analysis of a portion of the seized cocaine base confirmed the substance was cocaine base with a weight of 52. 9 grams).
> The agents also found two handguns between the mattress and box spring of the bed in the bedroom. One gun was a Taurus 9mm semi-automatic handgun which contained a magazine with ten round of ammunition and an empty chamber - the serial number was ground down to bare metal with no numbers visible; the other gun was a Tanfoglio, .40 caliber semi-automatic handgun (serial number AE14233) that contained a magazine with six rounds of ammunition with a live chamber.
> The agents also located documents showing proof of residency in the name of Lance Oliver in the bedroom: a State of Illinois driver's

license, a cleaner's receipt, a claim check from an unknown jewelry store, and mail from an inmate at Dwight Prison. These documents were located on the same speaker as one of the plastic bags containing cocaine base.

The agents also located two electronic scales and three bags of Apple brand jewelry bags on the kitchen counter. An expert in drug trafficking concluded these materials are consistent with drug trafficking and distribution.

An analysis of the seized firearms concluded that neither of the seized firearms were manufactured within the State of Illinois. Therefore, both firearms traveled in interstate commerce.

An expert in drug trafficking concluded that, based upon the facts and circumstances of the search and the items seized during the search, the firearms were possessed in furtherance of the distribution of the cocaine base and recognized as "tools of the trade."

Finally, prior to August 7, 2005, the defendant was convicted of three felony offenses.

## COUNT ONE

5. The defendant is charged in Count One of the Indictment with possession of 50 or more grams of cocaine base ("crack") with the intent to distribute, in violation of 21 U.S.C. §841(a) and (b)(1)(B).

6. Based upon the foregoing stipulated facts, the parties hereby stipulate that, if called to trial, the United States could prove beyond a reasonable doubt:

-First, that the defendant knowingly possessed over 50 grams of cocaine base;

-Second, that the defendant possessed the coaine base with the intent to distribute it; and,

-Third, that the defendant knew the substance was a controlled substance.

7. The defendant does *not* stipulate that the cocaine base possessed by the defendant was in the form of "crack."

## COUNT TWO

8. The defendant is charged in Count Two of the Indictment with possession of a firearm by a felon, in violation of 18 U.S.C. §922(g).

9. Based upon the foregoing stipulated facts, the parties hereby stipulate that, if called to trial, the United States could prove beyond a reasonable doubt:

> -First, that the defendant was previously convicted of a felony offense;
>
> -Second, that the defendant knowingly possessed the two firearms charged in the Indictment; and,
>
> -Third, that the charged firearms had previously traveled in interstate or foreign commerce.

## COUNT THREE

10. The defendant is charged in Count Three of the Indictment with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c).

11. Based upon the foregoing stipulated facts, the parties hereby stipulate that, if called to trial, the United States could prove beyond a reasonable doubt:

> -First, that the defendant committed the offense of possession of 50 or more grams of cocaine base with the intent to distribute charged in Count One of the indictment; and,
>
> -Second, that in furtherance of this drug trafficking offense, the defendant possessed the firearms charged in the Indictment.

So Stipulated and Agreed:

Rodger A. Heaton
United States Attorney

s/Colin S. Bruce

Colin S. Bruce
Assistant United States Attorney

s/David C. Thomas

David C. Thomas
Attorney for Lance Oliver

s/Lance Oliver
X

Lance Oliver
Defendant