UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 05-CR-20043 |
| | ) | |
| LANCE OLIVER | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO EXTEND TIME TO FILE PRE-TRIAL MOTIONS**

Now comes the United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Colin S. Bruce, Assistant United States Attorney, and hereby moves to extend the time within which to file pre-trial motions to and including August 18, 2006, and in support of said motion states as follows:

**Procedural History**

1.  On September 8, 2005, the defendant, Lance Oliver, was indicted in a three-count indictment with (count one) possession of 50 or more grams of cocaine base ("crack") with the intent to distribute), (count two) possession of a firearm by a felon, and (count three) possession of a firearm in furtherance of a drug trafficking crime.

2. On October 19, 2005, the defendant filed a motion to suppress the evidence in the case. On March 2, 2006, after an evidentiary hearing and written arguments by counsel, the Court denied the motion to suppress.

3. On April 5, 2006, after a discussion between the Court and the parties, the defendant confirmed that he wished to waive a jury trial, stipulate to the majority of the evidence and the elements of the offenses, and proceed to a bench trial on the sole issue of whether the cocaine base possessed by the defendant was in the form of "crack" or in some other form. To that end, on April 19, 2006, the United States drafted and provided the defendant with a proposed jury trial waiver and stipulations as to the elements of all three counts of the indictment.

4. On April 21, 2005, a status hearing was held during which the Court set the matter for a bench trial on September 5, 2006.

5. On July 18, 2006, the Court converted the bench trial to a jury trial because no written waiver of jury trial was filed. The Court also set August 9, 2006, as the deadline for the filing of any pre-trial motions.

6. On July 24, 2006, the defendant and defense counsel signed the tendered waiver and stipulations, which the United States immediately filed. (R.34)

**Final Pre-Trial Pleadings and Extension of Time**

7. Because this case is currently in the posture of a jury trial, on August 8, 2006, the United States filed a witness list, exhibit list and statement of the case. In an abundance of caution, the United States listed all of the potential witnesses it will call if

this matter proceeds to a jury trial. Included in the witness list is the disclosure of all of the United States' expert witnesses.

8. The United States will comply with Fed.R.Crim.P. 16(a)(1)(F) & (G) and Fed.R.Evid. 702,703 & 705 by providing the qualifications of it's experts, their conclusions, and the basis for these conclusions no less than 14 days prior to trial (whether bench or jury).

9. However, prior to possibly returning this matter to a bench trial based upon the written waiver (R.34), the United States believes the Court should verify with the defendant on the record that he understands the waiver that he signed, that he agrees to the stipulations which accompany the waiver, and that he wishes to proceed to a bench trial on the sole issue of whether the cocaine base possessed by the defendant was in the form of "crack" or in some other form.

10. Once the posture of the case is appropriately determined as either a bench or a jury trial, the United States will be in a position to determine which motions may properly need to filed.

*Jury Trial*

11. Specifically, if the matter proceeds to a jury trial, the United Sates will tender standard jury trial stipulations to the defendant. (For example, a stipulation as to the interstate commerce aspect of the firearm, or the required offer to stipulate to the defendant's prior felony offense under *Old Chief v. United States*, 519 U.S. 172 (1997), both elements of the offense charged in Count Two).

12. Likewise, should this matter proceed to a jury trial, the United States will tender a verdict form, which will include specific findings, as well as instructions on the nature of crack cocaine consistent with *United States v. Linton*, 235 F.3d 328, 330 (7th Cir. 2000) and *United States v. Bradley*, 165 F.3d 594, 596 (7th Cir. 1999).

13. Finally, should this matter proceed to a jury trial, the United States anticipates filing motions *in limine* concerning the introduction of evidence by the United States and the defendant.

*Bench Trial*

14. On the other hand, should this matter proceed to a bench trial on the sole issue of whether the cocaine base possessed by the defendant was in the form of "crack" or in some other form, the United States believes it appropriate to file a trial brief to aid the Court in its rulings an findings.

15. Additionally, in order to make a complete record, the United States anticipates filing a motion under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), which the Court would presumably hear simultaneously with the other evidence in the bench trial.

**Conclusion**

16. Until the posture of the case is determined at the Final Pre-Trial Conference, the United States is unable to determine which motions and other pleadings should be made before the Court. Therefore, the United States moves to

extend the time for the filing of pre-trial motions by an additional nine days to and including August 18, 2006.

WHEREFORE, for the foregoing reasons, the United States moves to extend the time for the filing of pre-trial motions to August 18, 2006.

                Respectfully submitted,

                RODGER A. HEATON
                UNITED STATES ATTORNEY

BY:   s/ Colin S. Bruce
       COLIN S. BRUCE, Bar No. IL 6200946
       Assistant United States Attorney
       United States Attorney
       201 S. Vine St., Suite 226
       Urbana, IL 61802
       217/373-5875
       FAX: 217-373-5891
       colin.bruce@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Mr. David C. Thomas
>Attorney at Law
>53 West Jackson Blvd.
>Suite 1362
>Chicago, IL 60604

>s/Colin S. Bruce
>COLIN S. BRUCE, Bar No. IL 6200946
>Assistant United States Attorney
>United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>217/373-5875
>FAX: 217-373-5891
>colin.bruce@usdoj.gov