**E-FILED**
Monday, 28 August, 2006  05:05:45 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 05-CR-20043 |
| | ) | |
| LANCE OLIVER | ) | |
| | ) | |
| Defendant. | ) | |

### COMBINED OBJECTION TO DEFENSE EXPERT
### AND MOTION FOR *DAUBERT* HEARING

Now comes the United States of America, by its attorneys, Rodger A. Heaton,

United States Attorney for the Central District of Illinois, and Colin S. Bruce, Assistant

United States Attorney, and hereby objects to the testimony and the defense expert, Dr.

Michael Evans, and moves for a *Daubert* hearing[1] on his qualifications and testimony. In

support of this motion, the United States states the following:

**Introduction**

By stipulation of the parties, the issue before the Court is whether the cocaine

base possessed by the defendant was in the form of crack or in some other form.  Under

the applicable Seventh Circuit caselaw, *crack* is a street term, not a scientific term. *United

States v. Edwards*, 397 F.3d 570, 574 (7th Cir. 2005).

---

[1] Because this matter is proceeding as a bench trial on a single issue, the United
States believes the Court may hear the *Daubert* motion simultaneously with the
evidence during the trial and need not hold a separate hearing.

Further, as the Seventh Circuit has noted, the individuals in the best position to recognize crack are crack dealers and experienced drug agents, those who deal with crack on the street, not a forensic chemist. *United States v. Anderson*, 450 F.3d 294, 301 (7th Cir. 2006)(the *real* experts on crack are those familiar with crack, including those who sell or use it); *United States v. Bradley*, 165 F.3d 594, 596 (7th Cir. 1999). Thus, the testimony of an experienced drug agent and an admitted "crack" manufacturer and seller are the most relevant to this inquiry.

By contrast, the testimony of forensic or scientific experts is of little, if any, relevancy. In the instant case, the parties have already stipulated that the substance in question contains "cocaine base." Therefore, the United States objects to the testimony of Dr. Michael Evans, the defense expert, on the grounds that his testimony is not relevant under Fed.R.Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

**Definition of *Crack***

For statutory purposes under 21 U.S.C §841, the definition of "crack" is the same as that found within the Sentencing Guidelines. *See United States v. Edwards*, 397 F.3d 570, 572-575 (7th Cir. 2005) (citing *United States v. Booker*, 70 F.3d 488, 494 (7th Cir. 1995)); *United States v. Hall*, 109 F.3d 1227, 1236 (7th Cir. 1997).

The Sentencing Guidelines define crack as "the street name for a form of cocaine base, *usually* prepared by processing cocaine hydrochloride and sodium bicarbonate, and *usually* appearing in a lumpy, rocklike form." (emphasis added) *U.S. Sentencing Guidelines Manual* § 2D1.1 n. D (2005)

Indeed, the Seventh Circuit has expressly found that crack is not exclusively manufactured using sodium bicarbonate. "We hold that while crack might generally be produced using sodium bicarbonate, production with sodium bicarbonate is not the exclusive preparation method recognized for purposes of § 2D1.1(c)." *United States v. Abdul*, 122 F3.d 477, 479 (7th Cir. 1997)

The Court in *Abdul* further explained that attempting to narrowly define crack as cocaine base only manufactured with sodium bicarbonate would thwart the intent of the Sentencing Commission and Congress. "If courts were to disregard the qualifying term 'usually,' crack dealers could avoid the penalties for distribution of crack by merely finding some substitute for baking soda in production, or by crushing the rocks so that the final product resembles powder." *Abdul*, 122 F.3d at 479.

Instead, rather than trying to define crack by a single means subject to forensic analysis, the Seventh Circuit has defined the issue as whether an individual familiar with crack can recognize the cocaine base as crack. "[W]e hold that requiring proof that the cocaine has been processed with sodium bicarbonate would impose too rigid a standard to comport with congressional intent. The question does not turn on what particular method is used to fashion crack or on its visual appearance, although it is

'*usually*' made from sodium bicarbonate and '*usually*' appears in lumpy, rocklike form.

The issue is whether the drug is 'crack' as the term is generally understood.") *Id.*

**"Experts" on Crack**

The Seventh Circuit has explained that once a substance is identified as

containing cocaine base, the "experts" on whether the cocaine base is *crack* are crack

dealers, crack users and experienced drug agents familiar with crack on the street.

*United States v. Anderson*, 450 F.3d 294, 301 (7th Cir. 2006)("We have repeatedly held that

the government can prove a substance is crack by offering testimony from people

familiar with the drug, including those who sell or use crack, since they are the real

experts.")(citations omitted)

For example, in *United States v. Linton*, 235 F.3d 328 (7th Cir. 2000), the district

court  found that the substance the defendant possessed was crack, and not some other

form of cocaine base.[2] This finding was based upon the testimony of a forensic chemist,

who identified the "chunky" substance as containing cocaine base, and an experienced

drug agent, who testified that based upon the packaging and the appearance of the

substance, it was crack. *Linton*, 235 F.3d at 329.

The district court's finding was upheld on appeal. In so doing, the Court of

Appeals noted that "the testimony of witnesses familiar with crack, combined with

---

[2] Because this was a Sentencing Guidelines issue, the burden of proof was by a preponderance of the evidence, and not beyond a reasonable doubt. Nevertheless, the reasoning behind the decision concerning the admission of the evidence and the identification of crack "experts"in *Linton* and the other cases cited, remains sound. *See Anderson*, *supra*.

direct evidence that the substance had the appearance of and was packaged like crack, is sufficient to satisfy burden of proof and permit a district court to conclude that a defendant possessed crack."*Linton*, 235 F.3d at 330.

Likewise, in *United States v. Bradley*, 165 F.3d 594 (7th Cir. 1999), the defendant claimed the substance he distributed was not proven to be crack. In affirming the district court's finding that the substance *was* crack, the Court emphasized that individuals who use or sell crack "are the real experts on what is crack." Furthermore, the testimonies of an experienced DEA drug agent and a crack dealer that the substance was crack, in combination with a forensic analysis which proved the substance contained cocaine base, was found to be sufficient to prove the substance was "crack." *Bradley*, 165 F.3d at 596.

Similarly, in *United States v. Griffin*, 194 F.3d 808 (7th Cir. 1999), the Court found that once a forensic chemist testified that substance in question contained cocaine base, an experienced drug agent and a crack dealer could appropriately identify the substance as crack. *Griffin*, 194 F.3d at 829.[3]

Thus, in the Seventh Circuit, the "experts" on crack are crack dealers, crack users and experienced drug agents familiar with crack on the street, not forensic chemists.

---

[3] *See also*, *United States v. Earnest*, 185 F.3d 808 (7th Cir. 1999) (testimony at trial by law enforcement agents, confidential informant, and other co-defendants that substance at issue was crack and that they dealt crack, as well as testimony from chemist that the substance was cocaine base in an "off-white, chunky" form, along with failure of defendant to object to characterization of drugs as crack, sufficient to show that substance at issue was crack).

**Expert Testimony Under FRE 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc***

Federal Rule of Evidence 702, in conjunction with *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), governs the admissibility of expert testimony

in federal court.[4]  In short, before expert testimony is admissible, the court must

determine that it is both reliable and relevant. *Korte v. Exxonmobil Coal USA*, 164

Fed.Appx. 553, 556 (7th Cir. 2006)("*Daubert* held that the district court must function as a

'gatekeeper' to ensure that the offered expert testimony is both relevant and reliable.")

The Court in *Korte* further explained the process which should be followed to

determine the admissibility of expert testimony under *Daubert*.

> We have interpreted *Daubert* to require district courts to employ a
> two-step methodology when determining the admissibility of proffered
> expert testimony.  *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341,
> 344 (7th Cir.1995);  *Wintz,* 110 F.3d at 512. First, the district court must
> determine whether the testimony has been subjected to the scientific
> method;  in other words, it must exclude testimony based on "subjective
> belief or unsupported speculation."  *Deimer,* 58 F.3d at 344 (quoting *Porter
> v. Whitehall Labs., Inc.*, 9 F.3d 607, 614 (7th Cir.1993)).   Second, the district
> court must determine whether the testimony has a sufficient nexus with
> the facts of the case and with the relevant inquiry that  it will actually
> assist the trier of fact in understanding the evidence and performing its
> function as fact-finder.  *Id.*; *see Daubert,* 509 U.S. at 591-92, 113 S.Ct. 2786.

 *Korte v. Exxonmobil Coal USA*, 164 Fed.Appx. 556-57

---

[4] Federal Rule of Evidence provides, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

In *Chapman v. Maytag*, 297 F.3d 682 (7th Cir. 2002), the Court elaborated on the second step of the *Daubert* admissibility analysis.

> The second part of the *Daubert* analysis requires the district court to determine "whether the evidence or testimony assists the trier of fact in understanding the evidence or in determining a fact in issue." [*Porter v. Whitehall Labs. Inc.*, 9 F.3d 607, 616 (7th Cir.1993)]  In other words, "the suggested scientific testimony must 'fit' the issue to which the expert is testifying."  *Id.; see also O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1106 (7th Cir.1994).

*Chapman v. Maytag*, 297 F.3d at 687.

**Anticipated Testimony of Dr. Evans**

Based upon the previous testimony by the defense expert, Dr. Evans, and the discovery provided by the defendant, the United States objects to the testimony of Dr. Evans on the grounds that it will not be relevant, nor will it "assist the trier of fact to understand the evidence or to determine a fact in issue "because any testimony he offers will not be based upon the applicable definition of crack. Thus, it will fail to comply with the second requirement of admissibility under *Daubert.*

Specifically, the United States believes Dr. Evans may either attempt to define *crack* by using a definition from a government agency or association,[5] define crack using a requirement of a specific formula or cocaine purity, or define crack as cocaine base only manufactured using sodium bicarbonate.

---

[5] For example, a definition from the National Institute of Drug Abuse, or within an obscure Drug Enforcement Agency document.

Based upon the legal definition of crack in the Seventh Circuit, as set forth above, such testimony by Dr. Evans will actually be an attempt to *redefine* what constitutes crack for legal purposes under 21 U.S.C. §841. Such testimony would not be relevant as to whether the substance in question fits within the street definition of crack. Therefore, this testimony would be inadmissible under *Daubert* as irrelevant.[6]

**Crack "Expert"Qualifications of Detective Ed Root and Troy Fuller**

The United States anticipates calling Detective Ed Root and Troy Fuller to testify as experts on crack.[7]

Detective Ed Root is a Decatur police officer with over twenty years of experience.  He has been involved in hundreds of cases involving crack, is familiar with crack manufacture, distribution and trafficking techniques, and he has interviewed over one  hundred individuals involved in the sale of powder cocaine and crack.

Troy Fuller is a convicted federal felon. He manufactured crack for sale on the street, almost daily, for years.  He has admitted under oath to being able to "cook" crack "better than Martha Stewart." Based upon his experience, Fuller is familiar with crack manufacture, distribution and trafficking techniques.

---

[6] Additionally, although Dr. Evans could theoretically testify as to whether a substance contains cocaine base, that issue is not before the Court; the parties have stipulated  in the *Waiver of Jury Trial and Stipulations for Bench Trial* that the substance in question is 52.9 grams of cocaine base.

[7] As previously disclosed, the United States also anticipates calling DEA forensic chemist John Casale and Illinois State Police forensic chemist Richard Paulas.

Because both Detective Root and Troy Fuller are individuals familiar with crack

on the street level, they are "the real experts" on crack in the Seventh Circuit. Therefore,

the Court should admit their testimony to allow the United States to prove the cocaine

base in question is crack. *United States v. Anderson*, 450 F.3d at 301.

WHEREFORE, for the foregoing reasons, the United States objects to the

testimony of the defense expert, Dr. Michael Evans, and requests a hearing under

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*

Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY

BY:    s/ Colin S. Bruce
       COLIN S. BRUCE, Bar No. IL 6200946
       Assistant United States Attorney
       United States Attorney
       201 S. Vine St., Suite 226
       Urbana, IL 61802
       217/373-5875
       FAX: 217-373-5891
       colin.bruce@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2006, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such

filing to the following:

> Mr. David C. Thomas
> Attorney at Law
> 53 West Jackson Blvd.
> Suite 1362
> Chicago, IL 60604

> s/Colin S. Bruce
> COLIN S. BRUCE, Bar No. IL 6200946
> Assistant United States Attorney
> United States Attorney
> 201 S. Vine St., Suite 226
> Urbana, IL 61802
> 217/373-5875
> FAX: 217-373-5891
> colin.bruce@usdoj.gov