UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR05-20043 |
| ) | |
| LANCE A. OLIVER, ) | |
| ) | |
| Defendant. ) | |

**REPLY TO DEFENDANT'S PROPOSED**
**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Colin S. Bruce, Assistant United States Attorney, hereby Replies to the Defendant's Proposed Findings of Fact and Conclusions of Law and states as follows:[1]

The thrust of the defendant's argument is an attempt to redefine "crack" in such a manner as to make it subject to forensic analysis. Specifically, the defendant is attempting to define "crack" as a form a cocaine base with a specific melting point.[2]

---

[1] References to the documents in the record are to the docket number on the district court's docket sheet, e.g., "R.__"; references to the Transcript of the Bench Trial are to "Tr. ___"; references to the defendant's Proposed Findings of Fact and Conclusions of Law are to "Def.Arg.___."

[2] "[T]he identification of crack is subject to forensic analysis. That analysis involves a simple determination that the melting point of the substance in question is such that it can be smoked (melted) without the cocaine decomposing. If so, it is crack. If not, it is not." (Def.Arg.5)

(Def.Arg.5) Unsurprisingly, the defendant offers no cases to support this new definition of "crack.".

This lack of supporting cases is understandable since the defendant's definition is *not* the definition of "crack" used by the Seventh Circuit. The applicable definition of "crack" is found in the Sentencing Guidelines which define crack as "the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." *U.S. Sentencing Guidelines Manual* § 2D1.1 n. D (2005).[3] There is no mention of melting points, or "smokeability," within this definition.

Indeed, limiting the definition of "crack" to a substance with a certain melting point, or a certain cocaine decomposition percentage (Tr.113-14), would allow "crack" manufacturers and distributors to frustrate the intention of Congress merely by altering the manufacturing process and producing a product with a slightly higher or lower melting point.

The problems created by such a narrow "melting point" definition are similar to the problems created if the definition of "crack" was limited to a substance manufactured only using baking soda (sodium bicarbonate). *See, United States v. Abdul*, 122 F3.d 477, 479 (7th Cir. 1997) ("If courts were to disregard the qualifying term 'usually,' crack dealers could avoid the penalties for distribution of crack by merely

---

[3] For statutory purposes under 21 U.S.C §841, the definition of "crack" is the same as that found within the Sentencing Guidelines. *See United States v. Edwards*, 397 F.3d 570, 572-575 (7th Cir. 2005) (citing *United States v. Booker*, 70 F.3d 488, 494 (7th Cir. 1995)); *United States v. Hall*, 109 F.3d 1227, 1236 (7th Cir. 1997).

finding some substitute for baking soda in production, or by crushing the rocks so that the final product resembles powder.")

Rather than tightly limit the definition of "crack" by requiring it's manufacture with a particular substance, or a specific melting point, Congress and the Seventh Circuit have recognized that "crack" is a street substance with an accompanying street, not scientific, definition. *United States v. Edwards*, 397 F.3d 570, 574 (7th Cir. 2005).

Thus, the real "experts" on "crack" identification are crack dealers and experienced drug agents, those who deal with crack on the street. *United States v. Anderson*, 450 F.3d 294, 301 (7th Cir. 2006)(the *real* experts on crack are those familiar with crack, including those who sell or use it); *United States v. Bradley*, 165 F.3d 594, 596 (7th Cir. 1999). As set forth in the government's *Proposed Findings of Fact and Conclusions of Law* (R.51), Detective Ed Root is an experienced drug agent, Troy Fuller is an experienced drug manufacturer and dealer, and John Casale is a forensic chemist with dramatic field experience, including the manufacture of "crack" in South American jungles. These individuals, all of whom have the experience to be qualified as "crack experts" within the Seventh Circuit, identified the governments exhibits in question as "crack."

The defendant attempts to deflect these experts' conclusions by arguing that "crack" cannot be identified by color, or texture, or a definable smell.[4] (Def.Arg.6) While

---

[4] "[E]ach of the witnesses in this case can only say that [the] substance looks like or smells like crack that they have made or seen [in the past]. [C]rucial to the resolution of this case is that each witness conceded that he could not state, from looking or smelling [the exhibits], that the substance was a form of cocaine which could be smoked

-3-

it is perhaps true that no single factor can be used to identify "crack," the *combination* of these factors, coupled with the experience of the government's expert witnesses, underlies and supports their conclusions that the substance in the exhibits was "crack."

The same logic explains why an individual familiar with coffee could not identify a liquid as coffee simply from it's color, or it's consistency, or it's smell. However, combined together, an individual *can* identify a liquid as coffee from these factors.

Additionally, while the individual familiar with coffee could not tell if the substance was caffeinated or decaffeinated without a chemical analysis, in the instant case, there is such an analysis: the parties stipulated that the substance in question contains cocaine base. (R.34,¶4)

Contrary to the experts called by the government, Dr. Evans does *not* qualify as a "crack expert" using the criteria set forth by the Seventh Circuit. He is certainly not a "crack" dealer, nor an experienced drug agent. To summarize Dr. Evans's lack of appropriate qualifications: has never used "crack" himself; he has never manufactured and sold "crack" on the street; he has never participated in the execution of a search warrant involving the seizure of "crack"; he has never arrested a "crack dealer"; he has been involved in an interview of a "crack dealer" approximately four times; he has never seen "crack" made on the street; and he has never participated in a controlled buy of "crack." (Tr.156-57)

---

without the cocaine decomposing." (Def.Arg.6)

Moreover, Dr. Evans' conclusion that the government exhibits could not be identified as "crack" was premised upon his definition that "crack" is cocaine base made with a bicarbonate. He based this definition on a pamphlet published by the National Institute of Drug Abuse found on the Internet. (Tr.168-69,177) Further, Dr. Evans testified that even if cocaine base was made with sodium bicarbonate, unless there was a detectable amount of bicarbonate present, the substance could not be called "crack." (Tr.171,182-85) His definition of "crack," in fact, is directly contrary to the holding in *Abdul*, 122 F3.d at 479 ("We hold that while crack might generally be produced using sodium bicarbonate, production with sodium bicarbonate is not the exclusive preparation method recognized for purposes of § 2D1.1(c).")

Indeed, Dr. Evans does not qualify as an expert on "crack" because his testimony was not relevant; it does not "assist the trier of fact to understand the evidence or to determine a fact in issue" because his testimony was not based upon the applicable Seventh Circuit definition of "crack." Therefore, his testimony failed to comply with the second requirement of admissibility under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), namely that "expert" testimony have a sufficient nexus with the facts of the case and with the relevant inquiry that it will actually assist the trier of fact in understanding the evidence and performing its function as fact-finder. *See Chapman v. Maytag*, 297 F.3d 682, 687 (7th Cir. 2002)(the offered scientific testimony must be relevant to the issue as defined by the law).

Further, after the bench trial, Dr. Evans all but conceded his lack of qualifications in a letter to the Court explaining that he would no longer testify concerning the identification of "crack" in federal courts.[5] (R.52)

This Court should find that Troy Fuller, Ed Root and John Casale all qualify as experts on the identification of "crack." The Court should further find that Dr. Michael Evans does *not* qualify as an expert on the identification of "crack" based upon his lack of relevant experience and knowledge, and his failure to use the applicable definition of "crack."

Finally, based upon the testimony and evidence offered by the United States, as well as the stipulations of the parties, the Court should find the defendant guilty of all charges beyond a reasonable doubt.

The Court should further find, beyond a reasonable doubt, that the cocaine base possessed by the defendant was "crack" under 21 U.S.C. §841.

Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY

BY:   s/ Colin S. Bruce
      COLIN S. BRUCE, Bar No. IL 6200946
      Assistant United States Attorney
      United States Attorney
      201 S. Vine St., Suite 226
      Urbana, IL 61802
      217/373-5875
      FAX: 217/ 373-5891

---

[5] "I am a scientist and I value my time. In the past few cases my time has been of no value to the defendant, the courts, or my corporation or me." (R.52)

-6-

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Mr. David Thomas
> Attorney at Law
> 53 West Jackson Blvd.
> Suite 1362
> Chicago, IL 60604

>> s/ COLIN S. BRUCE
>> COLIN S. BRUCE, Bar No. IL 6200946
>> Assistant United States Attorney
>> United States Attorney
>> 201 S. Vine St., Suite 226
>> Urbana, IL 61802
>> 217/373-5875
>> FAX: 217-373-5891
>> colin.bruce@usdoj.gov