**E-FILED**
Friday, 30 November, 2007  11:12:57 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
### FOR THE
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Docket No. 05-20043-001** |
| | ) | |
| **LANCE A. OLIVER** | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

I.    The  Seventh Circuit Has Interpreted 18 U.S.C. Sec. 3553(e) To Require That A District  Court,  In Calculating A Downward Departure From A Mandatory Minimum Life Sentence Based Upon Substantial Assistance, Use As A Starting point The Offense Level Associated With A Life Sentence, Rather Than The Level Associated With The Type And Quantity Of Drugs Attributable To The Defendant .

18 U.S.C. sec. 3553(e) provides that a sentence imposed below a mandatory minimum, based upon a government motion pursuant to U.S.S.G.sec.5 K1.1, "shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission…"

This section is ambiguous and could be interpreted in two ways.  One would be to look at the offense level associated with the type and quantity of the drugs attributable to the defendant, which in the case at the bar would be 30.  See, United States  v. Hayes, 5 F.3d 292, 294 (7th Cir.1993). The other is to begin with the lowest offense consistent with the mandatory sentence, which is level 36 (360-life). See, U.S.S.G. sec. 5G1.1(b).

1

There are no Supreme Court cases addressing this issue.  Mr. Oliver contends that, since sec, 3553(e) is ambiguous, the rule of lenity requires that he receive the benefit of the more favorable interpretation, the former set forth above. However, he concedes that this Court has no authority to accept this argument because the Seventh Circuit has adopted the latter.  Of course, after <u>Booker</u> the applicable guidelines range is only advisory in any event.

II. <u>In Computing The Advisory Guidelines Range, Mr. Oliver Is Entitled To A Two Point Reduction For Acceptance Of Responsibility Because He Has Acknowledged And Fully Accepted Responsibility For His Conduct, And The Trial Concerned Only The Legal Issue Whether The Crack Statute Applied To His Conduct, Not Whether He Possessed Firearms And Cocaine with Intent To Distribute.</u>

Section 3E1.1 provides for a reduction in the offense level of two levels if the defendant has demonstrated responsibility for his offense conduct.  Application note 1(a) specifically provides that the primary consideration is whether the defendant "truthfully admit[s] the <u>conduct</u> comprising the offense(s) of conviction." (emphasis added).

Application note 2 states that a defendant may still receive this adjustment "even though he exercises his constitutional right to a trial… where defendant goes to trial to assert and preserve issues that <u>do not relate  to factual guilt</u>(eg. to make… a <u>challenge to the applicability of a</u> <u>statute</u> to his conduct)." (emphasis added).

This describes exactly  Mr. Oliver's case.  He has never contested the fact that he possessed firearms and <u>cocaine</u> with the intent to distribute.  He did not make any false statements at the time of his arrest.  He has never attempted to deflect blame.  Prior to trial he personally entered into a comprehensive, written stipulation which fully admitted every fact necessary to convict him of possession of cocaine with intent to distribute,

possession of a firearm by a felon, and possession of a firearm in furtherance of a drug trafficking crime.

As far as the trail is concerned, "it is not the demand for a trial that is the impediment, but the ground upon which trail is demanded" that is the key. United States v. Schultz, 917 F. Supp. 1343, 1350 (N.D. Iowa 1996). The District Court granted Schultz a two point reduction for acceptance despite the fact that his sentencing followed an eight day jury trial. Id. at 1345. The reason was the nature of the defense, which was that the federal statute did not apply because the gambling operation did not involve the requisite five persons necessary to establish a violation of 18 U.S.C. sec. 1955. Id. The District Court granted the reduction, even though the PSI report did not recommend it, because "the test of acceptance of responsibility is founded on the defendant's recognition and acceptance of responsibility for relevant conduct, and remorse for that conduct, not on whether the defendant pleaded guilty or took the matter to trial." Id. At 1350. (emphasis in original).

As is Schultz, so in the case at bar the sole issue at trial was whether a particular statute applied to Mr. Oliver; ie., the crack provisions. As noted above, Mr. Oliver fully admitted that he possessed cocaine with intent. The bench trial involved only four witnesses and took about one day of court time. Under these circumstances, Mr. Oliver should a two point reduction for acceptance. See also, United States v. Eschman, 227. F.3d 886, 891 (7th Cir.2000) (vacating denial of acceptance because denial premised upon defendant's good faith challenge to drug quantity calculation); United States v. Johnson, 906 F.2d 1285, 1291 (8th Cir.1990) (affirming reduction for acceptance because "while Johnson was unwilling to accept responsibility for the totality of the jury's verdict, he did

admit to substantial involvement.").

   The PIR in the case at bar makes the same error as did the report in <u>Schultz</u>, <u>supra</u>. The recommendation to deny acceptance simply states that "[t]he defendant went to trial and put the government to its burden or(<u>sic</u>) proof."  (PIR at 6, para.25).  This completely ignores the <u>nature</u> of the trial, which is the crucial factor as demonstrated above.

III.<u>A Category Four Criminal History Substantially Overstates The Seriousness Of Mr. Oliver's Record Because Almost Half Of His Total Score Is Based Upon A Misdemeanor For Which He Received Court Supervision.</u>

   Although the cases in paras. 34 and 35 of the PIR are counted even after the November 1, 2007, amendments to the Guidelines, one fact about his criminal history computation immediately strikes the reader: of his point total of 7, 3  stem from a misdemeanor involving between 2.5 and 10 grams of cannabis.  He waived representation because, based upon a verbal plea agreement, upon his guilty plea no finding or judgement of guilt would be entered and he would receive a short period of six months court supervision. Despite its name, court supervision does not in fact involve any supervision  or reporting.  It is the lightest sentence available in Illinois, less than probation.  No finding of judgement of guilt was ever entered, but Mr. Oliver receives one point nevertheless.

   Then, based upon the timing of the plea, not when the conduct took place, he receives an additional two points because he was arrested in the case at bar less than two months before the period of supervision would  expire.  (PIR at 9, para.36).  Thus, 3 points, almost half of his total, stem from this misdemeanor cannabis case in which he was never found guilty.

   This is not to deny that Mr. Oliver has had numerous contacts with law enforcement,

stemming almost entirely from his involvement with alcohol and drugs. But he is simply unlike the typical Category IV offender, who has an extended history with multiple periods of incarceration. See, <u>United States</u> v. <u>Newman</u>, 965 F.2d 206,211 (7th Cir. 1992) (describing types of prior sentences defendants had typically received in different criminal history categories, and noting that Category III generally reflected two separate prison sentences of over a year each).

Unlike the typical Category IV offender, Mr. Oliver does not have a history of multiple prison sentences. In fact, Mr. Oliver has only served one prison sentence in his entire life, for which he has received 3 points. (PIR at 8, para.32). His remaining point comes from yet another case involving supervision, one which was completed successfully. (<u>Id</u>. at 9, para.34).

Mr. Oliver is not the Category IV offender described by <u>Newman</u>, who has repeatedly been incarcerated. Rather, his history reflects a young man with substance abuse problems and a penchant for getting into trouble, who then deals in an immature fashion with the criminal justice system in which he has become entangled. He is now 28 years old and faces a lengthy sentence of incarceration regardless of his criminal history category.

A Category IV placement typically represents a more experienced and more dangerous offender. It simply does not accurately describe Mr. Oliver. In light of his history, a Category III placement more accurately reflects the nature of his past conduct.

Respectfully submitted,

_____
Attorney for Lance Oliver

David C. Thomas
651 W. Washington
Suite 205
Chicago, Il.60661
(312) 917-8888
Dthomas@kentlaw.edu