E-FILED
Friday, 14 December, 2007  03:53:42 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR05-20043 |
| ) | |
| LANCE A. OLIVER, ) | |
| ) | |
| Defendant. ) | |

### RESPONSE TO DEFENDANT'S SENTENCING COMMENTARY

The United States of America, by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Colin S. Bruce, Assistant United States Attorney, hereby responds to the defendant's sentencing commentary and states as follows:

Prefatory Comments

1. On September 8, 2005, the defendant was charged in a three count indictment. Count One of the indictment charged the defendant's possession of fifty or more grams of cocaine base ("crack") with the intent to distribute , in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

2. On September 21, 2005, the United States filed a notice of prior convictions pursuant to 21 U.S.C. § 851.

3. After a bench trial on the single issue of whether the defendant possessed "crack" or some other form of cocaine base, the defendant was found guilty of the charges in the indictment.

4. Based upon the weight of the cocaine base ("crack") possessed by the defendant, and the defendant's two prior qualifying felony convictions, the defendant faces a *statutory* mandatory minimum of life imprisonment for count one. 21 U.S.C. 841(b)(1)(A).

Analysis

*Starting Range for Departure from Life Sentences*

5. In his initial sentencing commentary filed November 12, 2007 (R.59), the defendant essentially argues that once the United States makes a downward departure motion from the statutory, mandatory minimum sentence, the Court should consider the impact of the 100 to 1 ratio of crack to powder cocaine within the Sentencing Guidelines. (Commentary, pp 1-6)  Unfortunately, intrinsic to the defendant's argument is the theory that the Court should begin it's departure (deviation) calculations from the applicable Sentencing Guideline range *before* the application of the statutory mandatory minimum. This is incorrect.

6. Simply stated, the correct Sentencing Guideline range to begin a downward departure calculation from a statutory, mandatory is level 43.  *United States v. Nelson*, 491 F.3d 344, 349 (7th Cir. 2007)("Accordingly, a straightforward interpretation of the Guidelines requires a finding that the applicable guideline range for a mandatory

minimum sentence of life *is* life, which can only be found at offense level 43.")(citation omitted). The crack to powder cocaine ratio is therefore irrelevant to the starting level for any downward departure calculations. Further, since the departure is based upon *substantial assistance*, and not other factors, the crack to powder cocaine ratio should not be considered in determining the extent of any departure.

*Concurrent Sentence for Count Two (Possession of a Firearm by a Felon)*

7. The defendant argues that his sentence on Count Two should run concurrent with any sentence imposed as to Count One. The United States does not object to this, but acknowledges that this is entirely within the Court's discretion.

*Reduction in Adjusted Offense Level for Acceptance of Responsibility*

8. In his second sentencing commentary filed November 30, 2007, the defendant appears to argue that there is no clear Seventh Circuit guidance on the applicable Sentencing Guideline range to be applied for a sentence of statutory, mandatory minimum life imprisonment when calculating a downward departure. This is incorrect. The applicable starting level is 43. *See Nelson*, 491 F.3d 344.

9. The defendant also appears to argue that he is entitled to a reduction in applicable offense level for acceptance of responsibility under U.S.S.G. 3E1.1 from the offense level which applies to a statutory, mandatory life sentence. This is incorrect. Again, simply stated, the *final* adjusted offense level for a statutory, mandatory life

sentence is 43. There are no additional reductions; since the defendant's mandatory life sentence is greater than the maximum of his applicable guideline range, the Guidelines advise that the life sentence *become* his guideline sentence. *See* U.S.S.G. § 5G1.1(b).

*Over-Representation of Criminal History*

10. The defendant argues that his criminal history is overstated by his criminal history. The United States agrees with and adopts the position of the Probation Office on this issue.

        Respectfully submitted,

        RODGER A. HEATON
        UNITED STATES ATTORNEY

        BY:    s/ Colin S. Bruce
               COLIN S. BRUCE, Bar No. IL 6200946
               Assistant United States Attorney
               United States Attorney
               201 S. Vine St., Suite 226
               Urbana, IL 61802
               217/373-5875
               FAX: 217/ 373-5891

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Mr. David Thomas
>Attorney at Law
>53 West Jackson Blvd.
>Suite 1362
>Chicago, IL 60604

>s/ COLIN S. BRUCE
>COLIN S. BRUCE, Bar No. IL 6200946
>Assistant United States Attorney
>United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>217/373-5875
>FAX: 217-373-5891
>colin.bruce@usdoj.gov